Joe BOLLING, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 8090.

United States Court of Appeals Fourth Circuit.

Argued June 2, 1960.

Decided June 8, 1960.

John H. Giezentanner, Asheville, N. C. (court-appointed counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

A Virginia recidivist filed a petition for a writ of habeas corpus in which he challenges the legality of his first and fourth convictions.

As to his first conviction in 1938, he first contends he was tried and acquitted by a jury, but, nevertheless, was sentenced to prison by the court upon a plea of guilty entered after he had been misled into the belief he was pleading to a reduced charge of a misdemeanor. A verdict of a jury finding "the defendant" not guilty is endorsed on the indictment. Other court records, copies of which have been presented to this court, only some of which were before the District Court, suggest that it may have been one of his codefendants, not this defendant, who was tried and acquitted by the jury.

As to the 1938 conviction, he also contends that he had no counsel and was not informed of his right to counsel. If his assertions of special circumstances are true, there would be, at least, a grave question of the constitutionality of this conviction. Holly v. Smyth, 4 Cir., 280 F.2d 536.

The District Court did not reach these factual questions, for it was of the opinion that they were foreclosed by an order of Virginia's Supreme Court of Appeals denying an original petition filed in that court. That order, however, denied the petition without explanation. Whether that order was based upon the pendency of a similar petition in the Circuit Court of Chesterfield County or whether it was based upon a resolution of any of the factual questions is not apparent on the record in this court. Since, on the present record, it is unknown whether Virginia's Supreme Court of Appeals has deliberately considered and resolved these questions, they were open for consideration in the District Court where they should be determined after a

hearing. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

To resolve the many factual questions, we think it appropriate to remand the case to the District Court with directions to hold a hearing, unless, of course, upon a supplemented record, it should conclusively appear that, for good reason, the applicant is not entitled to the requested relief.

Vacated and remanded.