Joe **BOLLING**, Appellee,

v.

W. K. **CUNNINGHAM**, Jr., Superintendent of the Virginia State Penitentiary, Appellant.

No. 8575.

United States Court of Appeals
Fourth Circuit.

Argued June 1, 1962.

Decided June 5, 1962.

**640**

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellant.

Montgomery Knight, Jr., Norfolk, Va., (Court-assigned counsel), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

A petition for a writ of habeas corpus, filed by this Virginia recidivist, was first denied without a hearing. We remanded the case with instructions to hold a hearing.[1]

At the hearing subsequently held, testimony was offered upon the basis of which the District Judge found that the petitioner was not represented by counsel when he pleaded guilty in 1938 to an indictment charging housebreaking and theft. He found further that the petitioner was not offered counsel by the presiding judge in 1938, was unaware that he was entitled to counsel, and that the circumstances were such that his conviction, without the assistance of counsel, was a denial of due process. The District Court concluded that, since the first underlying conviction was invalid, the defendant's recidivist conviction in 1952, as a third offender, was also invalid. Following his conviction as a third offender, the petitioner escaped, committed another crime, of which he was thereafter convicted, and then received an additional sentence as a fourth offender.

The District Court was also of the opinion that the fourth offender sentence was invalid, since, in fact, there were then only three previous valid convictions.

The District Court held that the petitioner was entitled to have the writ issued, but he delayed the actual issuance of the writ on the condition that an appeal be promptly taken, or, alternatively, that steps be taken to retry the defendant for the 1938 offense, or to retry him under a recidivist charge as a third offender.

The respondent has appealed, contending only that the finding that the petitioner was not advised of his right to counsel prior to his 1938 conviction was clearly erroneous. While the prisoner made other patently irresponsible and apparently fabricated claims, he testified that he had no counsel, was not advised of his right to counsel, and mistakenly understood that he was pleading guilty to a misdemeanor when, in fact, the charge was a felony. The prosecuting officer at the time of the 1938 conviction, now an agent of the Federal Bureau of Investigation, was offered as a witness by the respondent. He remembered the circumstances of the crime and testified that the practice of the judge, who received the guilty plea in 1938, was to accept the plea after inquiring only whether the prisoner wished to plead guilty. His testimony corroborates the prisoner's claim that he was not offered counsel and was not informed that he had any right to representation by an attorney.

Under these circumstances, we think the finding of the District Judge is not clearly erroneous and that he correctly concluded that the writ of habeas corpus should be issued, since the prisoner is not now being held under any valid sentence.

The District Court, in its order, also stipulated that the writ would not issue if, within sixty days of his order, steps were taken by the Commonwealth of Virginia to retry the prisoner as a third offender. That time has now expired. We think it appropriate that the writ issue upon remand, but, of course, issuance of the writ will not prejudice the right, if any, the Commonwealth may have to rearrest the prisoner and now to retry

1. Bolling v. Smyth, 4 Cir., 281 F.2d 192.

him as a third offender. Whether or not the defendant may have a valid defense to conviction in any such proceeding is a question not properly addressed to us.

Affirmed and remanded