Robert J. GRUNDLER and Joseph L. Jelly, Appellants,

v.

STATE OF NORTH CAROLINA, Appellee.

No. 8143.

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1960.

Decided Nov. 11, 1960.

Herbert E. Rosenberg, New York City, and Arthur P. Hartel, Jr., for appellants.

Ralph Moody and G. Andrew Jones, Asst. Attys. Gen. of North Carolina (T. W. Bruton, Atty. Gen. of North Carolina, on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and LEWIS, District Judge.

SOBELOFF, Chief Judge.

Two prisoners in the North Carolina penitentiary prosecute this appeal from the District Court's denial, without a hearing, of their petition for habeas corpus against the State.

On March 8, 1958, Robert J. Grundler and Joseph L. Jelly, after a trial in which they were represented by counsel of their choice, were convicted of rape in a North Carolina state court and sentenced to life imprisonment. On the same day, upon the imposition of sentence, they noted appeals to the North Carolina Supreme Court and were allowed by the trial court to proceed in *forma pauperis*. The trial judge ordered a copy of the transcript to be supplied them free. However, later that day the appellants signed papers stating their desire to withdraw and abandon their appeals. A hearing was ordered, and after questioning the appellants to ascertain the voluntariness of this action, the judge permitted the appeals to be withdrawn. The State suggests that the defendants were motivated by the fear that if a new trial should be granted and they should again be convicted, the death penalty might ensue.

Upon reconsideration, however, the defendants about a month later sought to set aside the formal and deliberate abandonment of their appeals. The trial court refused to permit this, stating that it was without jurisdiction to reinstate the appeals. This ruling the Supreme Court of North Carolina later reversed, holding that the trial court could for

good cause shown grant the defendants the desired relief. State v. Grundler, 1959, 249 N.C. 399, 106 S.E.2d 488. Thereafter, a further hearing was held and the trial court again refused to reinstate the appeals, this time specifically on the ground that no excusable neglect, mistake, inadvertence or surprise was shown. From this refusal the defendants again appealed. They also applied to the Supreme Court of North Carolina for a writ of certiorari to review the assignments of error in the original trial. The State Supreme Court upheld the lower court's refusal to reinstate the appeals. Nevertheless, it granted the writ of certiorari, completely reviewed the trial proceedings, found no reversible error, and affirmed the convictions. State v. Grundler, 1959, 251 N.C. 177, 111 S.E.2d 1. The Supreme Court of the United States later denied certiorari. Grundler et al. v. North Carolina, 1960, 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738.

Grundler and Jelly then petitioned the United States District Court for the Eastern District of North Carolina for a writ of habeas corpus. The District Judge, having before him the record of the proceedings in the state courts, including the transcript of the trial, which furnished all data relevant to the petitioners' claims, denied the petition without a hearing and wrote an opinion stating his reasons. While holding that Grundler and Jelly had exhausted their state remedies, District Judge Butler concluded that they had received "a full, fair and complete adjudication of all issues" in the state courts. Grundler v. State of North Carolina, D.C.E.D.N.C. 1960, 183 F.Supp. 475.

■ On this appeal the State opposes the claim of federal relief on the ground that state remedies have not been exhausted, inasmuch as the Supreme Court of North Carolina denied the appeals and the prisoners did not proceed under the State's post conviction statute. This argument is without merit. More pertinent is the fact that the Supreme Court of North Carolina did actually review the convictions on certiorari and squarely decided the questions raised. If a question is presented and adjudicated by the state's highest court once, it is not necessary to urge it upon them a second time under an alternate procedure. This was expressly held in Brown v. Allen, 1953, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469.

■ The appellants, on the other hand, seem to persist in their complaint that they were not properly afforded their right to appeal. This contention, likewise, lacks merit. Even though the appellants were held to have abandoned their appeals and failed to show a sufficient reason for reinstatement, the State Supreme Court did fully review the case on certiorari. Having been accorded such review, which is perhaps more than they were entitled to of right, they have no basis for complaint.

Although we cannot agree with the State's contention that there has been a failure to exhaust state remedies, we do agree that the District Court, in this instance, committed no error in dismissing the petition without a hearing.

The appellants argue that their trial in the state court was so unfair as to constitute a denial of due process of law under the Fourteenth Amendment to the United States Constitution. In support of this, they point to alleged errors in the admission and exclusion of evidence, and dispute the sufficiency of the evidence and the trial judge's instructions to the jury.

At the trial, counsel for Grundler and Jelly sought to show that the rape victim had had sexual relations with other persons, but the trial judge excluded such evidence. In upholding this ruling, the Supreme Court of North Carolina recognized a split in authority over the admissibility of specific acts of sexual intercourse as tending to show consent, and held that under the law of that State such evidence is inadmissible. The other complaint dealing with rulings on evidence was that the trial judge nevertheless admitted testimony on behalf of the State that the prosecutrix was never seen in establishments selling beer.

Later, however, the judge instructed the jury to disregard this evidence. The State Supreme Court, in considering this asserted error, acknowledged that "[t]his evidence was incompetent. The State may only prove her general character—it may not offer proof of particular traits of character." State v. Grundler, 1959, 251 N.C. 177, 111 S.E.2d 1, 12. The appellate court then held that any prejudice from the admission of the challenged evidence was cured by the trial judge's later withdrawing it from the jury.

 The appellants also maintain that the evidence furnished an insufficient basis for conviction. The State adduced testimony that while Grundler sat in the driver's seat of an automobile, Jelly seized the victim, and forced her into the back of the vehicle, fracturing her cheek in the struggle. They then drove off and each one raped her. The version offered by the appellants, on the other hand, was that the victim accompanied them willingly and consented to intercourse. They argue that this case is governed by Thompson v. City of Louisville, 1960, 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654, where the Supreme Court held it a denial of due process for a state to convict someone upon *no* evidence of guilt. The Court said:

"Thus we find no evidence whatever in the record to support these convictions. Just as 'Conviction upon a charge not made would be a sheer denial of due process,' so is it a violation of due process to convict and punish a man without evidence of his guilt."

We think that the transcript of the trial demonstrates that the evidence was sufficient. Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus.

Certainly, in this case, there was substantial evidence against the petitioners. The victim testified that the appellants, then members of the U. S. Marine Corps, approached her in a cafe where she was drinking coffee and asked her to go out with them. She told them to leave her alone, and left the cafe. Outside, at a nearby street corner, Jelly accosted her and grabbed her arm. When she screamed, he struck her twice and forced her into the automobile which Grundler had driven to the corner. These happenings were observed by two witnesses, members of the Air Force, who immediately reported the incident to the police, and a search was begun. The prosecutrix testified that while Grundler was driving, Jelly held her and forcibly removed her clothes. When she offered resistance, he threatened to strike her again. He then raped her. After the car was parked at a lonely spot, Grundler, over her objections, also insisted upon intercourse with her. Later, after she was let out, the police officers who had been alerted by the two witnesses stopped the car and found blood on the door post and back seat. The victim's clothing was torn and medical testimony revealed that three of her teeth had been loosened, her jaw was swollen, and her cheek broken in three places. For a more detailed review of the evidence, see State v. Grundler, 1959, 251 N.C. 177, 111 S.E.2d 1. The evidence against the appellants was obviously not so slight as to raise a constitutional issue, and Thompson v. City of Louisville, supra, is not applicable.

 Finally, the appellants complain of the trial judge's instructions to the jury. These were carefully reviewed by the North Carolina Supreme Court and found to be error-free. It is unnecessary to repeat the court's discussion. It is enough to say that we perceive in the trial judge's remarks no possible support

**802**

for a contention that the appellants were deprived of a fair trial.

 The points made in the present proceeding all pertain to state law, and in the context of the trial we find no indication of fundamental unfairness. We express no opinion as to the state court's resolution of the issues raised. Even if we were to disagree, we could not intervene by habeas corpus, when the alleged errors are of a character that cannot reasonably be said to involve a deprivation of constitutional rights. Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal.

 The appellants insist that the District Judge should at least have granted them a hearing. In this case we think a hearing was unnecessary. The appellants' claims, as shown above, all relate to occurrences at the trial and challenge the legal effect of evidence introduced against them. There is no dispute over what happened at the trial, but merely over its legal consequences. All of the relevant material was before the District Court. Where there is no significant issue of fact bearing upon the constitutional claim, or where the District Court has before it a full and uncontested record of the state proceedings furnishing all of the data necessary for a satisfactory determination of factual issues, a hearing need not be held. In this respect the instant case contrasts with Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536, recently decided by this court. There a hearing was ordered because an issue of fact was raised in the District Court and there was no plain showing that there had been a full, fair and satisfactory adjudication of the issue in the state court. See also: Brown v. Allen, 1953, 344 U.S. 443, 463, 73 S.Ct. 397, 97

L.Ed. 469; United States ex rel. Sileo v. Martin, 2 Cir., 1959, 269 F.2d 586; Bolling v. Smyth, 4 Cir., 1960, 281 F.2d 192.

The petition for a writ of habeas corpus, together with the record of the State proceedings which was before the District Court, plainly demonstrated that no federal questions were presented, and therefore the District Court's order is

Affirmed.