Bailey, Wood & Rosenberg, Charlotte Amalie, V. I. (William W. Bailey, Charlotte Amalie, V. I., of counsel), and Hart, Moss & Tavenner, Washington, D. C. (Robert Sheriffs Moss, Washington, D. C., of counsel), for plaintiff.

Francisco Corneiro, Atty. Gen. of Virgin Islands and Hawkins, Delafield & Wood, New York City (Clarence Fried, New York City, of counsel), for defendant.

## MEMORANDUM OPINION

WALTER A. GORDON, District Judge.

This lawsuit was filed on April 22, 1964. On April 30, 1968, in the second week of trial, defendant served a demand for security for costs pursuant to 5 VIC 547, bottoming the demand upon the non-residency of plaintiff, and its alleged insolvency.

The Court has not before had occasion to interpret 5 VIC 547 under analogous circumstances, but is favored with a most professional and succinct memorandum from plaintiff which cites the Court to Straus v. Straus, 4 Cal.App.2d 461, 41 P.2d 218, 42 P.2d 378, decided under Section 1036 of the California Code of Civil Procedure, which provisions are substantially similar to those of the Virgin Islands Code, and which appear to be the source of 5 VIC 547.

■■ In *Straus,* where a demand for security for costs was made on the afternoon before trial, the trial court's refusal to grant the motion on the basis that the demand was untimely was upheld. How much more untimely, then, is a demand made four years after the filing of the suit and after two weeks of trial. Certainly a demand for security for costs if one is to be made, should be made within a reasonable time after a party realizes that his opponent is a non-resident, a fact appearing in this case on the face of plaintiff's original complaint. Counsel should not seek to obstruct the progression of a matter to or in trial by springing such a trap so late in the proceedings, especially in the light of subsection (a) which provides that "all proceedings in the action shall be stayed until security is given by the plaintiff," and subsection (c) which inferentially allows the demandee a period of 30 days in which to post security required.

The Court having decided that defendant by inaction is estopped from asserting its rights under 5 VIC 547, need not consider the other points raised by plaintiff, though in passing will note that the $300 provided for in the statute appears to be the maximum the Court may require as security, be it in the form of a bond or in the form of a cash deposit.

For the reasons stated, therefore, the demand of defendant is denied.

Gary Lee ROSEBOROUGH, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 68-C-26-R.

United States District Court
W. D. Virginia,
Roanoke Division.
May 20, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

Opinion and Judgment

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Gary Lee Roseborough, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on April 5, 1968.

Petitioner is currently being detained pursuant to a judgment of the Hustings Court of the City of Roanoke, Virginia, rendered on November 28, 1966, wherein he was convicted of statutory burglary and sentenced to five years in prison.

■ Petitioner appealed his conviction to the Supreme Court of Appeals of Virginia and raised the question now before this court. Therefore, petitioner has exhausted his state remedies. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960).

■ Petitioner contends that he is entitled to habeas corpus relief on the ground that there is insufficient evidence to support his conviction. However, this claim is grounds for federal habeas corpus relief under the Fourteenth Amendment only if the conviction is "totally devoid of evidentiary support." *Grundler*, supra at 801. We have examined the transcript of the trial and in our opinion the conviction is not so lacking. Therefore, the relief sought must be denied.

■ At the trial the state introduced testimony of a fingerprint specialist. He testified that on the morning of the break-in he went to the scene of the crime and lifted numerous sets of fresh latent fingerprints from storage bins near the window where the thief entered the restaurant which was robbed. He stated that he rolled a set of petitioner's prints for analysis and then sent the latent and rolled prints to the FBI for comparison. The FBI expert who examined the prints testified that the prints lifted from the scene of the crime were those of the petitioner. Furthermore, the state showed circumstantially that on the day after the crime was committed petitioner who was a porter and a female friend left Roanoke and went on a five day spending trip to New York City. Viewing this and the other evidence we can hardly say that the conviction was totally devoid of evidentiary support.

Therefore, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.