**Henry Lee HOLLAND, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-36-D.**

United States District Court
W. D. Virginia,
Danville Division.

Sept. 23, 1968.

---

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed by Henry Lee Holland, a state prisoner, pursuant to 28 U.S.C. § 2241 and it is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on July 11, 1968.

Petitioner is currently serving a term of twenty years in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of the City of Martinsville of November 10, 1961, wherein he was convicted for the crime of felonious assault. The conviction resulted after a jury trial where the petitioner was rep-resented by court appointed counsel. No appeal was taken from this conviction.

On September 21, 1967, a plenary hearing was held in the Corporation Court of the City of Martinsville as a result of a habeas corpus petition filed by the petitioner. The Corporation Court denied the writ and dismissed the petition. An appeal was taken to the Virginia Supreme Court of Appeals which resulted in the petition being refused and the writ of error denied. Thus we think that the petition is properly before this court in compliance with the provisions of 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner presents two claims to this court, that he was denied the right of appeal and that his sentence should be set aside because the verdict as signed by the jury is fatally defective.

The pertinent facts are these. On July 24, 1961, the petitioner attacked and stabbed Letcher Wade with a butcher knife. This attack took place in the courtroom while the court was in session. The petitioner was immediately taken into custody and charged with felonious assault. A preliminary hearing was held on July 31, 1961. The petitioner was indicted by the grand jury on November 6, 1961, for the crime of felonious assault. The court appointed William F. Carter, an attorney with over twenty years experience, to represent the petitioner. Mr. Carter testified at the state habeas corpus hearing that he had known the petitioner for over ten years. Counsel further testified that he was appointed to represent the petitioner on either November 3 or November 6, 1961. On November 10, 1961, the petitioner was tried by jury after entering a plea of not guilty and was convicted for the crime of felonious assault.

Petitioner testified at the state habeas corpus hearing that he requested his court appointed attorney to appeal the case immediately after trial. His court appointed attorney, who had known the petitioner for over ten years and had represented the petitioner on other oc-

casions, advised him that no grounds existed on which to appeal. The petitioner testified:

Q. Did you discuss this question of appeal with any members of your family?

A. No, sir, I didn't.

Q. Now after Mr. Carter advised you that it didn't look like there was anything to appeal on, were you satisfied with his judgment as far as that was concerned?

A. Yes, sir. After he told me that, I was. I didn't think there was anything else I could do. He said he didn't see any grounds for anything.

Q. So you were willing to take his advice?

A. That's right.

Q. Had Mr. Carter ever represented you before in any manner?

A. Yes, sir.

Upon questioning by the court, the petitioner testified:

Q. Henry, let me ask you this. After your trial here in the Courtroom you were taken back to the jail and Mr. Carter came over to the jail and talked to you. Did you and he fully discuss appeal at that time?

A. I asked him could I appeal my case to the Supreme Court and he told me, he said he didn't see where I had any grounds.

Q. Did you talk with him about it? Did you and he fully discuss an appeal at that time?

A. I asked him if I could appeal my case to the Supreme Court and he told me, said he didn't see where I had any grounds to appeal.

Q. Alright. Now was this immediately after the trial?

A. Yes, sir.

Q. And, did he tell you to think about the appeal and let him know later?

A. Yes, sir, he did.

Q. And did you ever request him or anybody else for an appeal?

A. No, sir.

Q. Did you ever notify anybody that you desired to appeal, after that conversation with Mr. Carter?

A. No, sir, I didn't think I could appeal after that.

■■ We do not think that petitioner was denied his right of appeal. Petitioner's attorney, who had represented petitioner on other occasions, advised that no grounds existed for an appeal. By petitioner's own testimony the final decision was left to the petitioner after he had time to consider an appeal. The petitioner testified that he accepted his counsel's advice and that no further communication occurred with the attorney or with the court. It is the duty of a lawyer to give an honest appraisal concerning the existence of grounds or lack of grounds for appeal purposes. It is not the duty of a lawyer to advise frivolous and groundless appeals. The petitioner having accepted the advice of counsel, was not denied any constitutional right. Thus, we can grant no relief based on this claim.

■■ Petitioner's only other claim concerns the alleged improper form of the verdict as rendered by the jury. Petitioner alleges that the verdict failed to recite that the malicious wounding was done with the requisite "intent to maim". It is only where there has been a violation of a federal constitutional right that a state prisoner is afforded a remedy in a federal court on a writ of habeas corpus. A federal habeas corpus petition is not to serve as an appeal. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). We find no federal question presented by this claim.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to any relief based upon his claims. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.