**Owen Darrell BLACK**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary.**

**Civ. A. No. 68-C-10-L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

Oct. 23, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed *in forma pauperis* by Owen Darrell Black, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241. This court had previously dismissed petitioner's application on the grounds that there was no verified showing that petitioner had exhausted his state remedies. The dismissal was without prejudice and was dated March 23, 1968. An appeal was taken to the United States Court of Appeals for the Fourth Circuit. By a memorandum decision, filed September 20, 1968, the order of this court of March 23, 1968, was reversed and the case remanded for further proceedings. By order, dated September 25, 1968, the case was reinstated on this court's docket and the respondent ordered to answer the petition and arrange for the transmission of the appropriate state records.

Petitioner is currently serving a sentence of five years in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Lynchburg of January 3, 1967, wherein the petitioner was convicted for the crime of child molestation. The conviction resulted after a trial by a judge without jury in which the petitioner was represented by court appointed counsel an entered a plea of not guilty. An appeal to the Virginia Supreme Court of Appeals resulted in a denial of a writ of error on June 14, 1967. The assignment of error on appeal to the Virginia Supreme Court of Appeals was that the defendant was twice placed in jeopardy for the same offense.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Powhatan County on January 22, 1968. The petition was returned to the Corporation Court of the City of Lynchburg and upon demurrer by the state, the petition was denied and dismissed by order dated March 6, 1968. No appeal was taken from this adverse decision.

Petitioner then filed a petition for a writ of habeas corpus in this court on March 23, 1968, which petition was dismissed on the grounds that petitioner's state remedies had not been exhausted in compliance with 28 U.S.C. § 2254. The claims alleged in the petition were double

jeopardy and prejudice on the part of the trial judge. Upon appeal to the United States Court of Appeals for the Fourth Circuit the case was remanded for further proceedings. The grounds for reversal were that if petitioner has properly presented the claims he now raises on a federal habeas corpus petition to the Virginia Supreme Court of Appeals by direct appeal, it is not necessary to again present the same claims to another state court. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960); Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608 (4th Cir. 1964); Massey v. Peyton, No. 11,280, mem. dec., 4th Cir., June 7, 1967.

■ Upon remand the claims presented to this court are that the petitioner was twice put in jeopardy for the same offense and that the trial judge was prejudiced. The record shows that the issue of double jeopardy was presented to the Virginia Supreme Court of Appeals upon direct appeal from petitioner's conviction. However the claim concerning the prejudice of the trial judge has never been submitted to the Virginia high court. This latter issue was included in the petition for a writ of habeas corpus filed in the state court, but no appeal was ever taken from an adverse decision rendered by the lower state court. Thus the claim as to the prejudice of the trial judge is not properly before this court in compliance with 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), since the petitioner did not appeal from the lower state court's denial and dismissal of his petition for a writ of habeas corpus. However, the claim as to double jeopardy is properly before this court in compliance with the above stated authority and in accord with the remand memorandum decision of the United States Court of Appeals for the Fourth Circuit.

The pertinent facts are these. Petitioner was indicted by the grand jury in October, 1966, on a charge of rape, the victim being a five year old girl. Trial was held on this indictment on November 14, 1966. At the conclusion of the trial the defense moved the court to strike the evidence of the Commonwealth on the grounds that it was insufficient to support a conviction. The motion was taken under advisement by the court. While this motion was pending a warrant was issued on November 28, 1966, charging the petitioner with the statutory crime of child molestation, the victim being the same five year old and the crime growing out of the same occurrences that resulted in the rape charge. Petitioner waived a preliminary hearing and the grand jury, in December, indicted him on a charge of child molestation. A trial, on December 14, 1966, by a judge without jury, in which the petitioner entered pleas of not guilty, after consultation with his court appointed attorneys, resulted in conviction. The petitioner was sentenced to the maximum five year penalty as provided by law. The motion to strike the Commonwealth's evidence relating to the charge of rape at the previous trial was sustained. An appeal to the Virginia Supreme Court of Appeals from the child molestation conviction resulted in the writ of error being denied and the lower court's decision being affirmed.

■ The record before this court presents an adequate basis for decision of the petitioner's claim and a hearing will not be necessary. See Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960).

It is the contention of petitioner that his trial for rape and his subsequent trial for child molestation while a motion to strike the evidence in the rape case was under advisement, placed him in jeopardy twice for a single offense. Petitioner argues that both indictments concern the identical occurrences, that such facts were known to the Commonwealth at the commencement of the first action, and that the failure of the state to proceed on both offenses in a single indictment bars future proceedings under a new indictment.

■ Examining petitioner's claim we find that he has not been placed in

double jeopardy. "Before the double jeopardy clause of the Fifth Amendment may be invoked the same offense must be involved. '[T]he test of identity of offenses when double jeopardy is pleaded is whether the same evidence is required to sustain [each offense] * * *.'" Austin v. Peyton, 279 F.Supp. 227, 231 (W.D.Va.1968). Whether there are two separate offenses or one identical offense depends on whether each requires proof of an additional fact which the other does not. Smith v. United States, 277 F.Supp. 850 (D.Md.1967). The law of Virginia concerning the two offenses in the present case is treated separately and governed by separate statutory provisions.[1] The statutes deal with different approaches to a sexual offense. The statute dealing with child molestation contemplates an intentional act of a person over twenty one years of age placing the hands upon or in any manner fondling or feeling the sexual or genital parts of a child under fourteen years of age with lascivious intent. Rape, however, contemplates and requires penetration as an essential element of the crime. Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968); McCall v. Commonwealth, 192 Va. 422, 65 S.E.2d 540 (1951). Thus different evidence is required to support convictions depending upon the offense, even though some evidence may be the same. "The constitutional guaranty against 'double jeopardy' is against jeopardy for the same offense and not against repetition of evidence at trial for different offenses or against incidental proving of some other offense if such offense is one which has not theretofore been charged and prosecuted." Smith v. United States, 277 F.Supp. 850, 863 (D.Md.1967). This, in addition to the separate statutory treatment, and especially the substance of the statutes, leads this court to the conclusion that petitioner was not placed twice in jeopardy for the same offense.

It is therefore accordingly adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

A certified copy of the opinion and judgment is directed to be sent to the petitioner and to the respondent.

---

1. Rape—Va.Code Ann. § 18.1–41 et sequi (Repl 1960); Taking indecent liberties with children—Va.Code Ann. § 18.1–215 (Repl.1960).