Charles Curtis McGEE, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 70-C-1-D.

United States District Court,
W. D. Virginia,
Danville Division.

May 14, 1970.

**18**

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the Court on a petition for a writ of habeas corpus filed *in forma pauperis* by Charles Curtis McGee, a state prisoner, pursuant to 28 U.S.C. § 2241.

■ Petitioner McGee is currently serving a seven (7) year sentence in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Danville, imposed on the 27th of January, 1969 for statutory burglary. The record indicates that the petitioner has previously sought relief by filing a notice of appeal and assignment of error petition to the Virginia Supreme Court of Appeals. On the 3rd of December, 1969, the Supreme Court of Appeals, after a mature consideration of the case before it, denied the relief that the petitioner sought. Thusly, this court concludes that the petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner McGee alleges three (3) contentions which he maintains denied him certain constitutional rights during his criminal trial on the 27th of January, 1969. The three allegations are as follows:

(1) That the Corporation Court of the City of Danville erred in overruling the defendant's Motion to Set Aside the Verdict as being contrary to the Law and Evidence.

(2) That said court permitted the introduction of "illegal" evidence which was used against the petitioner, and

(3) That the petitioner was denied a fair and impartial trial.

■ Petitioner's first two allegations are similar to a great many that this court faces over a period of time in reviewing habeas corpus petitions. In essence, both allegations seek to have this court serve in the capacity of an appellate court, a role which this court cannot perform in habeas corpus petitions. Federal district courts follow established procedural guides which do not permit them to inquire into the admissibility and/or sufficiency of the evidence against a habeas corpus petitioner, unless a constitutional infringement is apparent. This court has followed the view expressed by the Fourth Circuit Court of Appeals in Grundler v. North Carolina, 283 F.2d 798, 802 (1960), wherein the court stated that:

> \* \* \* [N]ormally, *the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues.* It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus is not to serve as an additional appeal. (Emphasis added.)

This court, after a careful review of the original criminal trial transcript and other pertinent matters in the record, concludes that there was not an infringement of petitioner's constitutional rights. The testimony reflects that the "suitcase of guns and photographs of the scene of the crime" were clearly admissible during petitioner's criminal trial and did not deprive McGee of his constitutional rights.

■ Petitioner's final allegation, that is, a general statement to the effect that his criminal trial was not "fair and impartial", is totally unsupported by the facts and testimony in the case at bar. For this court to rule otherwise would indeed be a miscarriage of justice to all parties concerned.

For the foregoing reasons, it is the judgment of this court that the petition for a writ of habeas corpus be, and hereby is, denied and dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within thirty (30) days may result in a denial of the right to appeal. The notice shall state the following:

(1) The party or parties taking the appeal;

(2) The judgment, order or part thereof appealed from; and

(3) The court (Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk of the court is hereby directed to send a certified copy of this opinion to the petitioner and to the respondent, via the Honorable Gerald L. Baliles, Assistant Attorney, Supreme Court Building, Richmond, Virginia 23219.