**Basil F. ASBURY, Petitioner,**

v.

**R. M. OLIVER, Superintendent, Virginia State Farm, Respondent.**

**Civ. A. No. 70-C-79-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 18, 1970.

C. Tabor Cronk, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed by Basil F. Asbury, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on July 27, 1970.

Petitioner is now serving a term of fifteen years imposed upon him by the Circuit Court of Tazewell, for the murder of Carrie Dell Wells. By this action, petitioner attacks a future term of twenty years imposed on him by the Circuit Court of Tazewell on September 5, 1968 for the murder of Robert E. Lee. At the latter trial petitioner entered a plea of not guilty and was tried by a jury.

An appeal was taken from the conviction for the murder of Lee. On June 15, 1970 the Virginia Supreme Court of Appeals affirmed the conviction. Petitioner has exhausted his available state remedies on the claims presented on appeal.

First petitioner alleges that he was not granted an extension to properly prepare the case with his attorneys. In July, 1967 petitioner employed two attorneys to represent him. On August 29, 1968, approximately one week before trial, a motion for a continuance was sought in order to employ additional counsel for petitioner. This was not a motion to replace counsel, but to obtain further assistance for the two present attorneys. The trial court was certainly within its discretion in denying the motion. The petitioner was already repre-

sented by two able attorneys. Petitioner's attorneys were employed more than one year in advance of trial and this motion was not made until shortly before the trial was to commence.

Secondly, petitioner asserts that a motion for a mistrial should have sustained from the following:

The Commonwealth placed the mother of Carrie Dell Wells on the witness stand. She testified that her daughter said to her shortly after being shot "Basil did it." On cross-examination it was brought out that the witness had not disclosed this statement until three months after the occurrence. To discredit her testimony defense counsel asked the following question:

Q. Let me ask you this, Mrs. Wells. During all the time and the different times that Mr. Coats [the Commonwealth's Attorney] talked with you, either in the hospital or the various occasions that he came to your house to investigate this, did you ever at any time tell him that when you went there that morning and leaned down over Carrie that she made the statement Basil did it?

A. Well, sir, that one particular question was never asked me, Carrie was telling him he done it in her lifetime.

Defendant immediately objected to the answer and moved to strike it. The court sustained the objection and directed the jury to disregard the answer. The following morning a motion for a mistrial was made on the ground that the error could not be eliminated by merely instructing the jury to disregard the statement.

■ The rule in Virginia is well established that a judgment will not be reversed for the admission of evidence which the court afterwards directs the jury to disregard unless there is a manifest probability of prejudice to the defendant or the evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict. Coffey v. Commonwealth, 188 Va. 629, 51 S.E.2d 215 (1949); Washington & O.D. Ry. v. Ward's Adm'r, 119 Va. 334, 89 S.E. 140 (1916).

■ It was obvious to the witness that the truth of her testimony was being challenged. The response was a direct rebuttal to this challenge. The jury was immediately instructed to disregard the testimony. The court is unable to say at this time that the testimony was so prejudicial as to deny petitioner a fair trial. Certainly the trial judge did not think so and his on-the-spot assessment is worthy of consideration.

Next, petitioner contends that the failure of the trial judge to question the jurors concerning a newspaper account denied him the right to a trial by an impartial jury. Petitioner's trial lasted two days. The jurors were permitted to go home after the first day of trial. A newspaper account which appeared during the break in trial stated that petitioner's trial had begun. It stated further that petitioner had previously been convicted of killing Carrie Wells and sentenced to 20 years. In fact petitioner had been convicted but sentence had not been imposed.

■ The trial judge is required to maintain control of the trial to assure a fair trial by an impartial jury. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). The procedures which the trial judge employs to reach this result are generally within his discretion.

■ Here the trial judge employed methods to assure that the jury was impartial at the beginning and throughout the trial. He conducted an extensive voir dire to determine if each juror was impartial at the beginning of the trial. In fact the defense counsel questioned each prospective juror as to his recollection of the results of the first trial. From this it could hardly be said each juror was not aware that the defendant had previously been tried and convicted of the murder of Carrie Wells. At the end of the first day of trial, the judge admonished the jury not to discuss the case with anyone.

The jury was impartial at the beginning of the trial and they were admonished to remain so. The trial judge took those precautions which he deemed necessary and this court cannot say because he did not take other precautions, the petitioner was denied a fair trial. When and which precautions to employ are matters within the trial judge's discretion. The circumstances in this case are not sufficient to hold that petitioner was denied a fair trial by an impartial jury because the jury was not questioned as requested.

Petitioner alleges that he was denied a fair trial by the introduction of evidence concerning a previous divorce suit. At the trial the defendant chose to testify. On cross-examination the court permitted the Commonwealth's Attorney to contradict petitioner's testimony by use of a bill of complaint filed by petitioner in a previous divorce suit. This complaint was signed by petitioner's attorney but not by petitioner. This evidence was admissible under Virginia law for the purpose of impeachment. Browder v. Southern Ry. Co., 107 Va. 10, 57 S.E. 572 (1907). The admissibility of evidence is a state problem and raises a federal constitutional question only in circumstances which operate to deny petitioner a fair trial. The use of this evidence did not deny petitioner a fair trial.

Next petitioner asserts that no instructions were given in his favor. The granting or non-granting of jury instructions does not generally raise a constitutional issue. See Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). The court did in this case give many of the instructions offered by the defense counsel. The instructions refused were those that repeated or said in a different manner what was previously said in other instructions. The court does not find any fundamental unfairness or denial of specific constitutional rights in the trial court's refusal of the repetitive instructions offered by defense counsel.

Finally petitioner alleges that the Commonwealth failed to prove he was at the scene of the shooting or had possession of the murder weapon and that the trial court erred in not suppressing evidence which was a summary of belief. Neither of these claims has been presented to the Virginia Supreme Court of Appeals. Therefore petitioner has not exhausted his available state court remedies in compliance with 28 U.S.C. § 2254. However neither raises a constitutional question. As to the proof, there was evidentiary support for the conviction. See Faust v. State of North Carolina, 307 F.2d 869 (4th Cir. 1962). Petitioner does not allege at which point in the trial evidence was summarized. If petitioner refers to the closing argument of the Commonwealth's Attorney, the claim has no merit.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.