James Johnnie **MATTHEWS,**
Petitioner,

v.

Mr. V. Lee **BOUNDS,** Commissioner N. C. Department of Correction and State of North Carolina, Respondents.

Civ. No. 4233.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Dec. 10, 1973.

James Johnnie Matthews, pro se.

Robert Morgan, N. C. Atty. Gen., Raleigh, N. C., for respondents.

## ORDER

BUTLER, Chief Judge.

Petitioner, a state prisoner, has been allowed to file in forma pauperis an application for a writ of habeas corpus under 28 U.S.C. § 2254.

On April 7, 1966, the petitioner was convicted in the Superior Court of Nash County, after a trial by jury, of armed robbery, and a sentence of 17 years was imposed to run at the expiration of a prior sentence the petitioner was serving in Virginia. Petitioner commenced the service of the North Carolina sentence on May 2, 1972.

The respondent has filed a motion to dismiss supported by a transcript of petitioner's trial and a transcript of state post-conviction proceedings.

The petitioner alleges that his conviction and sentence are constitutionally invalid on two grounds: First, that his court-appointed counsel was ineffective; and second, that there was admitted into evidence the confession of a codefendant, who did not testify at the trial, which implicated the defendant.

■ The petitioner's allegation concerning the ineffectiveness of his counsel are totally conclusory. The petitioner has alleged no meritorious defense that his counsel could have raised. He alleges only that his counsel was appointed only seven days before his trial, that his counsel conferred with him only once, and that his counsel was, at the time of the trial, 73 years old.

The state post-conviction court found that the petitioner's counsel had been diligent in representing the petitioner, but this finding is not adequately supported by the post-conviction record. However, an examination of the trial transcript reveals that petitioner's counsel did render adequate assistance to the petitioner. Each codefendant was represented by separate counsel, and the cross-examination by each counsel was extensive. The trial transcript also reveals that the evidence of guilt was overwhelming. Each of the defendants, both in and out of the presence of the other, made full confessions, which have been reliably found, by the state post-conviction court, to have been made voluntarily and intelligently. The defendants were apprehended within nine minutes after the robbery with the fruits of the crime in their possession. The robbery victim positively identified the two codefendants who had robbed him. In light of this overwhelming evidence of guilt, it is the opinion of this court that petitioner's counsel rendered assistance as effective as could be reasonably expected. It should be noted that petitioner's counsel died on October 14, 1970, as evidenced by a certified copy of a death certificate filed by respondent, and therefore, no useful purpose could be served by a hearing on this issue.

In Grundler v. North Carolina, 283 F. 2d 798, 802 (4th Cir., 1960), the court stated:

. . . Where there is no significant issue of fact bearing upon the constitutional claim, or where the District Court has before it a full and uncontested record of the state proceedings furnishing all of the data necessary for a satisfactory determination of factual issues, a hearing need not be held.

■ The trial transcript also reveals that the trial court admitted into evidence the confessions of petitioner's two codefendants, that the codefendants did not testify, and that their confessions implicated the petitioner. The trial was conducted prior to the Supreme Court's decision in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which petitioner alleges was violated by admission into evidence of the confessions. The trial court, upon admitting the confessions into evidence, instructed the jury in accordance with Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the applicable law at the time of the trial, that

the confessions of each defendant were to be considered only in relation to the person who made the confession. *Delli Paoli* was overruled by *Bruton,* which held that where a codefendant's confession is admitted into evidence in a joint trial and the codefendant does not testify, the defendant is denied his constitutional right of confrontation, and the error is not cured by instructions pursuant to *Delli Paoli.* Though *Bruton* had not been decided at the time of petitioner's trial, the Supreme Court decided in a subsequent case, Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) that *Bruton* was to be applied retroactively.

It clearly appears that the rules established in Bruton were violated in petitioner's trial. However, this court is of the opinion that, upon the facts, this case is governed by the more recent Supreme Court decisions of Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), and particularly Schneble v. Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972).

In *Schneble* the Court held that a mere finding of a violation of the *Bruton* rule does not require reversal of the conviction where properly admitted evidence of guilt is overwhelming and the prejudicial effects of the codefendant's confession is so insignificant by comparison that it is clear beyond a reasonable doubt that improper use of the codefendant's confession was harmless error.

In the present case, the petitioner and his two codefendants each made full confessions, and each defendant admitted his own guilt, as well as implicated the other two. Each defendant had admitted his guilt in an individual interview with law enforcement officers, and when questioned together, all three made a joint confession. The petitioner and another codefendant assisted law enforcement officers in recovering evidence of the robbery, which had been thrown from the getaway car along a rural road.

Their individual and collective confessions were identical in all material respects.

In *Schneble,* a substantially similar set of facts were presented to the Supreme Court in that two codefendants had each made confessions, which were admitted into evidence, and which implicated both of them, and neither testified.

This court finds that, in view of the overwhelming evidence of petitioner's guilt properly admitted at his trial, "the 'minds of an average jury' would not have found the State's case significantly less persuasive" against the petitioner had the testimony as to the confessions of his codefendants been excluded, and that, therefore, any error committed thereby, was harmless beyond a reasonable doubt. *Schneble, supra.*

It is Ordered that the application for a writ of habeas corpus be, and it is hereby, denied.

This 10th day of December, 1973.