Beverly LAM, Petitioner,

v.

**SUPERINTENDENT, VIRGINIA STATE PENITENTIARY, Respondent.**

Civ. A. No. 75–0067.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Aug. 15, 1975.

Beverly Lam, pro se.

Wilburn Dibling, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Beverly Lam, an inmate at the Virginia State Penitentiary, Richmond, Virginia, has filed this *pro se* petition for a writ of habeas corpus. Read liberally, his petition alleges four grounds for relief: the evidence did not support his conviction for murder in the first degree; some testimony at trial was inadmissible; the issue of the petitioner's intoxication was not established by expert testimony; and his counsel was incompetent. The petitioner originally sued the Circuit Court of Rockingham County; this court orders that the Superintendent of the Virginia State Penitentiary be substituted instead as respondent. The respondent has answered with a motion for summary judgment.

The petitioner's conviction occurred on June 1, 1973, so the Virginia statutory period for appeal has passed. Va.Code § 8–463 (1950). It is presumed that the petitioner has not waived his right to appeal, so he is not precluded from raising on habeas corpus matters which he could have raised on appeal in the state courts, since the appellate procedure is no longer available to him. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Thus this court will consider the allegations raised by the petition. However, even though this court may consider matters which should normally be raised on appeal in the state courts, this court does not sit as a court of appeals over state trial courts. We will not grant relief under habeas corpus for matters or even violations of state law and procedure unless those matters impugn fundamental fairness or infringe upon specific constitutional protections. *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960). Thus the petitioner's allegations about the insufficiency or inadmissibility of evidence at his state court trial must raise constitutional issues or they fail. *Id.* We find that they fail.

The first of the petitioner's allegations, that there was not enough evidence to support a conviction for murder in the first degree, does not raise a constitutional issue. The constitutional threshold, for allegations involving the sufficiency of evidence at state trial, is the *absence of any* evidence on which a conviction can be based. *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *Grundler, supra,* at 801. At the petitioner's trial there was substantial evidence to support a conviction for murder, and at least some evidence that the murder was wilful, deliberate and premeditated: the testimony of a witness at the trial (at pages 110–11 of the trial transcript) and the petitioner's own post-arrest statement (at page 15 of the record) indicate that the petitioner hit the murder victim with a deadly weapon, an act which under Virginia law may support a finding of wilful, deliberate and premeditated killing. *See Hodges v. Commonwealth,* 213 Va. 316, 191 S.E.2d 794 (1972); instruction #12, at page 31 of the record. Thus the conviction for first degree murder was supported by evidence, and does not present a constitutional issue. Nor can we say that the law of Virginia which permits a jury to infer wilfulness and premeditation from the use of a deadly weapon is so unfair or unreasonable as itself to raise a constitutional question. The petitioner's first ground is rejected.

The second ground, the inadmissibility of his accomplice's testimony, is imprecisely stated, but could be interpreted in two ways. First, the petitioner could be referring to the doctrine that an accomplice's testimony must be corroborated to be admissible. If this is

his ground, it is rejected. The Supreme Court has specifically held that the admissibility in a state trial of the uncorroborated testimony of an accomplice is a matter for the state courts alone to consider, and cannot be challenged in a habeas corpus case. *Lisbena v. California,* 314 U.S. 219, 227, 62 S.Ct. 280, 86 L.Ed. 166 (1941). On the other hand the petitioner's allegation may be a restatement of a matter originally raised by his second assignment of error in his appeal to the Supreme Court of Virginia: certain testimony of the accomplice, which involved his recent conviction for the homicide with which the petitioner was also charged, was held inadmissible by the trial court. If this is the ground on which the petitioner is relying, it is also rejected. Federal courts will not, on habeas corpus, review rulings on mere admissibility of evidence in state trials. *Buchannon v. Wainwright,* 474 F.2d 1006 (5th Cir. 1973).

The third ground on which the petitioner relies, that no qualified expert testified about his inebriation at the time of the murder, is a patent absurdity. Had the petitioner wanted such expert testimony, he could have gone to a doctor immediately after the crime occurred and had his alleged intoxication measured, but it was hardly the duty of the state to produce expert testimony about an intoxicated condition which abated before the state knew about the crime. (The murder apparently occurred at about midnight on the 23rd–24th of February, 1973, but was not discovered by the police until about 7:30 A. M. on the 24th. *Compare* the statement of the petitioner, at page 16 of the record, with the testimony of the investigating police officer, page 73 of the transcript.) This third allegation raises no issue of constitutional deprivation and cannot afford the petitioner habeas corpus relief.

Fourth and finally, the petitioner indicates in paragraph 16 of his petition that he believes his counsel to have been inept. This would raise an issue cognizable under habeas corpus if the ineptitude of his counsel had been so serious as to render the trial a mockery or a farce. *Camm v. Peyton,* 299 F.Supp. 485, 487 (W.D.Va.1969). The petitioner, however, has pointed to no facts which would support such a serious charge, and a review of the trial record reveals that he was ably defended. This fourth ground is therefore dismissed.

For the above reasons, the motion for summary judgment is granted, and this case is dismissed and ordered stricken from the docket. The petitioner is advised that he may appeal this decision within thirty (30) days of the decision to the Fourth Circuit Court of Appeals.

The clerk is ordered to forward a copy of this decision to the petitioner and to counsel of record for respondent.