878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph SLEDGE, Jr., Petitioner-Appellant,
v.
Wayne MOORE, Respondent-Appellee.
 No. 88-6073.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 19, 1989.
Decided June 30, 1989.
 
 Joseph Sledge, Jr., appellant pro se.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Sledge, Jr. appeals from the district court's order summarily dismissing his petition for habeas corpus relief as frivolous pursuant to Rule 4 of the Habeas Corpus Rules. Sledge is serving consecutive life sentences for his conviction on two counts of murder. In his petition for relief Sledge alleged he received ineffective assistance of counsel at trial because his attorney failed to request a complete psychological report, the fundamental fairness of his trial was affected by the introduction of inflammatory and prejudicial slides and his inability to cross-examine the state's pathologist as to the results of the first autopsy and its effect on the second, and he was denied an opportunity to discover the prosecution witnesses' prior criminal records. The district court denied relief without examining either the contested evidence or the trial transcript or requiring the defendants to answer.
 
 
 2
 Summary dismissal of a federal habeas corpus petition is inappropriate unless the petition and attached exhibits plainly show that the petitioner is entitled to no relief. Rule 4, Rules Governing Sec. 2254 cases in the United States District Courts. Under this standard, we find that the district court properly dismissed Sledge's claim of ineffective assistance of counsel, but we disagree with the district court's summary dismissal of Sledge's other claims.
 
 
 3
 Sledge's claim of ineffective assistance of counsel is based on his contention that his counsel failed to seek a complete psychiatric examination. Sledge admitted in his complaint that a psychiatric report was presented to the trial judge although he contended that it was inadequate. He did not specify any facts suggesting the need for further examination, other than the gruesomeness of the crime. Moreover, Sledge contended throughout his petition that he did not commit the murders with which he was charged and his convictions resulted from racial prejudice. Although an attorney has an obligation to conduct a reasonable investigation of possible defenses, including insanity defenses, there must be some facts suggesting the possibility of such a defense. Hooper v. Garraghty, 845 F.2d 471, 474 (4th Cir.), cert. denied, 57 U.S.L.W. 3232 (U.S. Oct. 3, 1988) (No. 87-7275). Absent the presentation of specific facts suggesting the possibility of an insanity defense, it cannot be said that Sledge's attorney was ineffective merely because he failed to further investigate Sledge's mental state.
 
 
 4
 Sledge next claimed that the trial court erred in admitting prejudicial evidence. The admissibility of evidence does not present a federal question absent "circumstances impugning fundamental fairness or infringing specific constitutional protections." Grundler v. North Carolina, 283 F.2d 798, 802 (4th cir. 1960). As Sledge alleged that the inflammatory and misleading nature of the evidence presented at his trial prevented him from receiving a full and fair hearing, it was inappropriate for the district court to dismiss this claim without any record upon which it could determine whether the fundamental fairness of Sledge's trial was affected.
 
 
 5
 The district court did not address Sledge's claim that he was denied the opportunity to discover the criminal and prison records of the prosecution's witnesses. Such impeachment evidence is exculpatory in nature and should be provided to the defense pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Giglio v. United States, 405 U.S. 150 (1972). In light of Sledge's claim that he was convicted solely on the basis of testimony from two inmates about his jail-house confessions, the credibility of these witnesses becomes of paramount importance. The nondisclosure of evidence affecting their credibility may then amount to a "denial of the fundamental fairness required by the Due Process Clause of the Fifth Amendment." United States v. Sutton, 542 F.2d 1239, 1241-42 (4th Cir.1976). Once again, without any record to evaluate Sledge's assertions, this claim should not have been dismissed.
 
 
 6
 For the foregoing reasons, we grant Sledge a certificate of probable cause and affirm the dismissal of his claim of ineffective assistance of counsel. As to Sledge's other claims, we vacate the order of the district court and remand for further action consistent with this opinion. We deny Sledge's motion for appointment of counsel. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.