936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevin EVERETTE, Petitioner-Appellee,
v.
Joseph CURRAN, The Attorney General for the State of
Maryland, Mason Waters, Warden, Respondents-Appellees.
 No. 91-6267.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1991.
Decided June 28, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-90-2964-B)
 Kevin Everette, appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kevin Everette, a Maryland prisoner, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Without requiring the state to file a response, the district court dismissed the petition for failure to exhaust state remedies. Everette noted a timely appeal, and the district denied a certificate of probable cause. We grant a certificate of probable cause, vacate the court's order of dismissal, and remand the case for further proceedings.
 
 
 2
 The doctrine of exhaustion of state remedies is satisfied if the same claims raised in a federal habeas corpus proceeding have been previously presented before the highest state court, either on direct appeal or in a post-conviction proceeding. Grundler v. North Carolina, 283 F.2d 798, 800 (4th Cir.1960). A judge may order summary dismissal of a claim "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Sec. 2254 Cases. The Advisory Committee Note to Rule 5 states that "[t]he attorney general has both the legal expertise and access to the record and thus is in a much better position to inform the court on the matter of exhaustion of state remedies."
 
 
 3
 The district court found that Everette had exhausted his state court remedies only as to some of his claims. Everette stated in his petition that he appealed his conviction to the Maryland Court of Special Appeals and that he appealed the denial of post-conviction relief. It is not clear from the petition or the record exactly what Everette's claims were in those appeals. Everette also asserted in his motion for a certificate of probable cause (filed in the district court) and his informal brief in this Court that he had exhausted his state court remedies as to all of his claims. Nothing in the record refutes that assertion. Therefore, the district court should have required the state to file a response.
 
 
 4
 We therefore grant a certificate of probable cause, vacate the district court's order of dismissal, and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.