959 F.2d 231
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clyde JOHNSON, Sr., Petitioner-Appellant,
v.
Larry HUFFMAN, Warden, Augusta County Correctional Center;
Attorney General of the Commonwealth of Virginia,
Respondents-Appellees.
 No. 90-6433.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 6, 1991
Decided: April 8, 1992
 
 ARGUED: Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant.
 Robert B. Condon, Assistant Attorney General, Richmond, Virginia, for Appellees.
 ON BRIEF: Mary Sue Terry, Attorney General of Virginia, Richmond, Virginia, for Appellees.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 
 
 1
 PER CURIAM;
 
 
 2
 Clyde Johnson appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.
 
 
 3
 In 1987, Johnson was found guilty by a jury in the City of Alexandria, Virginia on multiple counts of rape, attempted rape, aggravated sexual battery, and carnal knowledge of certain children between thirteen and fifteen years of age. Johnson appealed his convictions to the Virginia Court of Appeals. The Court of Appeals reversed his convictions with regard to two complaining witnesses, I. T. and L. W. Johnson v. Commonwealth, 9 Va. App. 176, 182-84, 385 S.E.2d 223, 226-27 (1989).[1] This reversal was based on the trial court's refusal to hold an evidentiary hearing pursuant to Va. Code Ann. § 18.2-67.7. § 67.7 prohibits the admission in criminal sexual assault cases of certain evidence as to a complaining witness's unchaste character or prior sexual conduct, but specifically permits the presentation of "evidence relevant to show that the complaining witness had a motive to fabricate the charge against the accused." Va. Code Ann. § 18.267.7(B). Johnson had given notice to the trial court of his intention to introduce evidence that I. T. and L. W. were engaged in a lesbian relationship and that this relationship provided them with a motive to fabricate charges against Johnson. The Court of Appeals found that because Johnson's attorney had represented in argument in support of his notice to the trial court that he had evidence of a suggestion by I. T. to L. W. that fabricating charges against Johnson might frustrate efforts by Johnson to end their relationship, the trial court erred in denying an evidentiary hearing.
 
 
 4
 In addition to the appeal of the convictions involving I. T. and L. W., Johnson sought in the same appeal to have reversed on similar grounds his conviction involving another complaining witness, M. H. In the trial court, Johnson had also been denied an evidentiary hearing regarding his allegation of prior sexual misconduct on the part of M. H. The Court of Appeals affirmed this conviction. It found that Johnson's notice merely stated that Johnson had been advised that M. H. had engaged in oral sex with other youngsters, that Johnson had confronted M. H. with this allegation without receiving a response, and that Johnson had been told by M. H. that her stepfather had announced an intention to have sex with her. There was no representation that M. H. had threatened to fabricate charges against Johnson. The Court of Appeals determined that the trial court had not erred in believing that such evidence was not relevant. In the words of the court, "[w]e fail to see how these allegations, if believed, provide a motive to fabricate unless we are prepared to hold that in every case, a defendant's knowledge of prior sexual misconduct by the victim provides a motive to fabricate." Johnson v. Commonwealth, 9 Va. App. at 184, 385 S.E.2d at 227. Because of the lack of a "logical nexus" between the alleged misconduct and a motive to fabricate, the court found that the trial court had not abused its discretion in denying a hearing. 9 Va. App. at 184, 385 S.E.2d at 227. One judge dissented, he would have held that the charge of M. H. against Johnson might be "infer[red]" to have been a "pre-emptive strike." 9 Va. App. at 185.
 
 
 5
 Following the decision of the Court of Appeals, Johnson filed a petition for rehearing arguing that all of his convictions should be reversed because the testimony of I. T. and L. W. which he had not been permitted to challenge on the ground of the alleged motive to fabricate, had influenced the jury to convict him on the counts involving other complaining witnesses. Johnson's petition was denied, Johnson v. Commonwealth, No. 1190-87-4 (Nov. 29, 1989), as was his subsequent petition for appeal in the Supreme Court of Virginia. Johnson v. Commonwealth, No. 891586 (April 6, 1990).
 
 
 6
 On this appeal, we are presented with two issues. Johnson first argues that the state trial court's denial of an evidentiary hearing on his allegations concerning M. H. constituted a denial of his sixth amendment right "to be confronted with the witnesses against him." This right, which applies in state proceedings by virtue of the fourteenth amendment, Pointer v. Texas, 380 U.S. 400 (1965), is violated when a criminal defendant is prohibited from conducting an otherwise reasonable cross-examination designed to show "possible biases, prejudices, or ulterior motives" of a witness in testifying. Davis v. Alaska, 415 U.S. 308, 316 (1974); see Olden v. Kentucky, 488 U.S. 227, 231 (1988). The Supreme Court has emphasized that "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Olden, 488 U.S. at 231 (quoting Davis, 415 U.S. at 316-17).
 
 
 7
 There is, however, no constitutional entitlement to present irrelevant evidence. See Doe v. United States, 666 F.2d 43, 47 (4th Cir. 1981). In the present case, the Virginia courts rejected Johnson's alleged evidence of M. H.'s prior sexual misconduct on relevancy grounds, finding that there was no "logical nexus" between such conduct, even if proven, and a motive to falsify testimony. We do not believe that this determination exceeded the "wide latitude" that is accorded to trial courts in judging the relevancy of defense inquiries into potential bias on the part of a prosecution witness. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); cf. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). We therefore are of opinion that the state court did not violate Johnson's sixth amendment rights by denying him the opportunity to present evidence concerning M. H. which it deemed to be irrelevant.
 
 
 8
 The second argument presented by Johnson asserts that his convictions with regard to M. H. and a fourth complaining witness, T. M., should be reversed on a separate ground. He contends that when the Virginia Court of Appeals found that he was entitled, under Va. Code Ann. § 18.2-67.7, to an evidentiary hearing involving I. T. and L. W., it should also have reversed the convictions involving M. H. and T. M. because "the appearance of guilt on the part of petitioner was enhanced" by allowing the jury to hear the unimpeached testimony of I. T. and L. W. In advancing this argument, however, Johnson has not identified any violation of the Constitution or laws of the United States. He merely states that the Virginia courts erred in their determination of the extent of the prejudice that resulted when certain evidence was excluded which he yet claims to be in violation of Virginia law. Normally, as we have previously recognized,"the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure" concerning which a federal court will not intervene by habeas corpus. Grundler, 283 F.2d at 802. In addition, we are in agreement with the district court that the present case does not present "circumstances impugning fundamental fairness or infringing specific constitutional protections...." Grundler, 283 F.2d at 802. We therefore find no basis for setting aside Johnson's convictions involving M. H. and T. M.[2]
 
 
 9
 Accordingly, while we grant a certificate of probable cause, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The Virginia Court of Appeals did not further identify the juvenile complaining witnesses in its opinion, and we will follow suit
 
 
 [2]
 T. M.'s case is referred to almost obliquely in most of the papers before us. Because the parties have included her case, however, we have decided it. We emphasize that we do not have the complete record before us