**Thomas Charles PEYTON, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–62.**

United States District Court
W. D. Virginia,
Danville Division.
March 28, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Thomas Charles Peyton, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on November 22, 1967.

Petitioner is currently serving a sentence of life imprisonment for rape pursuant to a judgment of the Corporation Court for the City of Danville, Virginia rendered on September 30, 1960. Petitioner was represented by two court-appointed attorneys at trial and was tried by a jury. Petitioner did not appeal his conviction. He, however, later sought habeas corpus relief in the Danville Corporation Court on January 20, 1965. The petition was denied and on appeal the Supreme Court of Appeals of Virginia reversed the lower court's decision. A plenary hearing was then held in the Danville Corporation Court on January 26, 1967. The Corporation Court denied petitioner's petition and on October 10, 1967 the Supreme Court of Appeals affirmed the judgment. Petitioner is, therefore, properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner contends that he is entitled to habeas corpus relief on several grounds. He first claims that there was systematic exclusion of negroes from jury service, including the one which convicted him. If he proves this claim, his conviction cannot stand. Whitus v. State of Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). However, due to the fact that "evidence crucial to the adequate consideration of [this] constitutional claim was not developed at the state [habeas] hearing" a plenary hearing must be held. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963). See Federal Habeas Corpus for State Prisoners: The Isolation Principle, 39 N.Y.

U.L.Rev. 78, 119 (1964). When the State hearing was held some testimony concerning deliberate and purposeful discrimination was taken, but the matter was not adequately developed. It appears that counsel was "unaware of the significance of relevant facts" *Townsend,* supra at 317, 83 S.Ct. at 759, such as those presented in Witcher v. Peyton, 382 F.2d 707 (4th Cir. 1967), *Whitus,* supra, and numerous Supreme Court cases[1] which should be considered in support of petitioner's claim. The failure to develop apparently was "not attributable to the inexcusable neglect of petitioner * * *." *Townsend,* supra 372 U.S. at 317, 83 S.Ct. at 759. Therefore, a federal hearing must be held to consider more fully the facts pertaining to petitioner's first claim.

However, the court will proceed at this time to dispose of petitioner's remaining claims that he was inadequately represented by trial counsel and that there was insufficient evidence to support his conviction. At petitioner's trial he was represented by two attorneys appointed by the court. Viewing the entire record, we find that the evidence does not in any way warrant a conclusion that these court-appointed attorneys did not properly and adequately represent petitioner. And as to petitioner's final contention "[n]ormally the sufficiency of evidence * * * in state trials [is a matter] of state law not involving federal constitutional issues." Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962). It is only where the conviction is "so totally devoid of evidentiary support as to raise a due process issue" that petitioner may obtain federal habeas corpus relief on this ground. *Faust,* supra at 872. Petitioner's conviction was not so lacking and, therefore, his petition must be denied in this regard.

It is, therefore, adjudged and ordered that petitioner be given a hearing and an opportunity to establish his claim that there was systematic exclusion of negroes from any jury service.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent, and a plenary hearing is fixed for 11:00 a. m. on April 15, 1968 at Danville, Virginia, at which hearing Earle Garrett, Jr., is appointed to represent the petitioner.

1. See Annot., 94 L.Ed. 856 (1950).