Nancy Sue **DILLON**, Petitioner,

v.

Ann **DOWNES**, Superintendent, **Respondent.**

Civ. A. No. 75–0122 (R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 21, 1975.

------◆------

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

Harlin Perrine, Salem, Va., for petitioner.

## OPINION AND JUDGMENT

DALTON, District Judge.

The petitioner, an inmate at the State Industrial Farm for Women, Goochland, Virginia, has filed this petition, by counsel, for a writ of habeas corpus. The petitioner has already appealed her state court conviction for second degree murder to the Supreme Court of Virginia. The appeal failed. She then petitioned this court for a writ of habeas corpus, but her petition was dismissed without prejudice for failure to exhaust available state remedies. The petitioner then sought a writ of habeas corpus from a Virginia circuit court, but her petition was denied. She now returns to this court, seeking habeas relief once again. The respondent has moved for summary judgment in her favor.

■ Because the petitioner has exhausted all her state remedies, this court now has jurisdiction over the case and considers all of the allegations raised by her petition. 28 U.S.C. § 2254. However, we undertake this task with two basic principles firmly in mind. First, federal habeas corpus is not mere appellate review, and relief will be granted for violations of federal constitutional rights only. *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960). Second, habeas corpus is a civil action, in which the petitioner carries the burden of proof and must allege actual facts, and not mere inferences, which can withstand the strong presumption of the constitutional regularity of state judicial proceedings. *Darr v. Burford,* 339 U.S. 200, 218, 70 S.Ct. 587, 94 L.Ed. 761 (1950). These axioms provide the basis for our refusal to grant relief in this case.

The petitioner has alleged five grounds in support of her contention that her conviction and imprisonment were invalid: (1) she was not advised of her constitutional rights when arrested; (2) additional witnesses requested by her were not called to testify on her behalf; (3) a witness in the case discussed the case with a juror; (4) certain facts material to her defense were not brought out, even though she requested their disclosure; (5) the verdict was contrary to the evidence. We will consider, and reject, these contentions in that order.

■ ■ The petitioner has failed to provide this court with any information with which to justify habeas relief on the basis of her first claim. She has failed to identify any of the "constitutional rights" of which she claims she was not advised at the time of her arrest, and she has failed to indicate how that alleged lack of advice has prejudiced her. Furthermore, a reading of the transcript of her trial reveals no instance in which a post-arrest statement by the petitioner was introduced into evidence, which means that the state took no prejudicial advantage of her alleged ignorance of her "constitutional rights." The transcript does reveal that the petitioner made an admission to police, at the scene of the murder, that she had shot her husband (transcript at 39, 41), but since she was relying on self defense as a justification for the shooting (transcript at 89, 90) the introduction at trial of her on-the-scene admission of the shooting was in no way prejudicial to her. Furthermore, the statement appears to have been made voluntarily before the police arrested or ques-

tioned the petitioner (transcript at 39, 41), so she was not deprived of her rights under *Miranda v. Arizona.* Thus, for several reasons, the petitioner's first ground for relief is rejected.

 The petitioner's second, third and fourth grounds are all rejected for one reason: she has not shown any facts that would indicate a constitutional deprivation and entitle her to habeas relief. *Darr, supra; Grundler, supra.* She claims that she was denied the testimony of additional witnesses, but she does not say who they are, how many of them there are, what they would say or how they would help her. She says that a witness discussed the case with a juror, but fails to say who those persons were, whether the witness was her's or the prosecution's, what was discussed, and whether or how it prejudiced her case. She says the jury did not hear certain facts favorable to her, but she fails to explain what those facts were or how they could have helped her. This court cannot base habeas corpus relief on conjecture. The Supreme Court has said that, as a threshold matter, a court needs nothing less than facts in order to grant relief, and since this court has received no facts to support the petitioner's second, third and fourth grounds for relief, we deny relief on those grounds.

 Finally, the petitioner claims that the verdict was excessive and contrary to the law and the evidence, and should have been set aside by the trial court. Since under Virginia Code § 18.-1–23 second degree murder is punishable by 20 years' imprisonment, the twenty year sentence which the petitioner received is not illegal; nor is the fact that the sentence may be severe a sufficient ground, by itself, for habeas corpus relief. *See Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Whether the verdict was contrary to the law or to the evidence seems to be a matter for appeal rather than for a habeas corpus proceeding, and this court will not supervise state trial courts as if it were an appellate forum. *Grundler, supra.* The petitioner has to show an absence of evidence against her in order to merit habeas relief. *See Peyton v. Peyton,* 282 F.Supp. 908, 910 (W.D. Va.1968). The transcript, however, is replete with evidence against her, so she fails to meet the constitutional standard and her request for habeas corpus on this ground is denied.

For the reasons above, the petitioner's request for habeas corpus relief appears to be without merit, and the case is ordered dismissed and stricken from the docket. The petitioner may appeal this decision, within thirty (30) days, to the Fourth Circuit Court of Appeals.