**UNITED STATES of America, Appellee,**

v.

**Jack Junior BLANKENSHIP, Appellant.**

**No. 75–1148.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.

Decided Feb. 20, 1976.

James B. Craven, III, Durham, N.C. [court-appointed counsel] (Everett, Everett, Creech & Craven, Durham, N.C. on brief), for appellant.

Carl L. Tilghman, Asst. U.S. Atty. (Thomas P. McNamara, Raleigh, N.C., on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges, and FIELD, Circuit Judge.

BOREMAN, Senior Circuit Judge:

Jack Junior Blankenship was convicted of rape as charged under 18 U.S.C. § 2031.[1] The victim testified at Blankenship's trial that she was abducted at gunpoint on April 4, 1972, by a man who drove her to a remote area of the Marine Corps base at Camp Lejeune, North Carolina, and raped her. Immediately after she was raped by the gunman, a second man, who drove up in another automobile, also raped her. Blankenship was arrested on April 13, 1972, and gave a naval intelligence agent a written confession admitting that he was the second man and that he raped the victim. He subsequently gave the FBI a similar confession. At trial, however, Blankenship admitted being present when the gunman raped the victim, but testified that although he attempted to have intercourse with her he could not remember whether penetration occurred.

Blankenship contends on appeal: (1) that the court committed error by not assigning

---

1. 18 U.S.C. § 2031 Special maritime and territorial jurisdiction

    Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death, or imprisonment for any term of years or for life.

specific reasons why appellant should not be sentenced under the Youth Corrections Act; (2) that the court erred in failing to instruct the jury on the lesser included offense of assault with intent to commit rape; and (3) that the court should have advised him that he could request two attorneys to represent him when charged with a capital offense.

**I**

■ We find no merit in the appellant's first contention. At oral argument appellant's counsel conceded that the trial judge is required only to determine that the defendant will not benefit from treatment under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., and need not state particularized reasons to justify his decision. *See Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). In the instant case the district judge articulated general reasons for his finding that Blankenship would not benefit from sentencing under the Youth Corrections Act, and we find no error in the finding of "no benefit."

**II**

■ It is well established that assault with intent to commit rape is a lesser included offense in the charge of rape, *United States v. Stone*, 472 F.2d 909 (5 Cir. 1973); *Lovely v. United States*, 169 F.2d 386 (4 Cir. 1948); also, that a defendant is entitled to an instruction on a lesser included offense "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). However, entitlement to an instruction upon the lesser included offense requires that "the proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense." *United States v. Whitaker*, 144 U.S.App. D.C. 344, 447 F.2d 314, 317 (1971). Furthermore, "if there is no dispute about the

additional fact or facts which, coupled with the lesser included offense, do constitute a greater offense charged originally in the indictment, then the defendant has no right to a lesser included offense charge to the jury." *Whitaker, supra,* 447 F.2d at 317 n. 8; *accord, United States v. Thompson,* 490 F.2d 1218 (8 Cir. 1974); *cf. Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

■ Here the evidence provided no justification for an instruction on assault with intent to commit rape. In proving rape the prosecution must present evidence not only as to the elements necessary to prove assault with intent to commit rape, but also that intercourse did occur. *Lovely v. United States,* 169 F.2d 386 (4 Cir. 1948). The victim's testimony indicated that she was raped, that intercourse did occur, and the prosecution introduced Blankenship's written statement admitting that intercourse did occur. Under cross-examination, Blankenship admitted that he signed the written statement but claimed that he did not read the statement before signing it. When interrogated concerning intercourse, Blankenship testified that he did not know whether he had had sexual relations with the victim; nevertheless, he admitted that, when informed by an investigator that the victim had stated that the "second man" had had sexual relations with her he responded that "if the girl said I had sexual relations with her then I guess I did."

The evidence of rape by "the second man" was overwhelming. Blankenship's testimony was only to the effect that he had no present knowledge of what happened. We hold that the court's failure to charge the jury as to the lesser included offense was not error.

**III**

■ Blankenship's third contention is that the trial court erred by not advising him that he could request two attorneys when charged with a capital offense. He suggests that this court's decision in *United States v. Watson,* 496 F.2d 1125 (4 Cir. 1973), recognizes that 18 U.S.C. § 3005[2]

---

**2.** 18 U.S.C. § 3005 provides in pertinent part:
Whoever is indicted for treason or other capital crime shall be allowed to make his

full defense by counsel learned in the law; and the court before which he is tried, or

creates an absolute right to the appointment of two counsel to represent him in a capital case. He argues that the court's failure to inform him of this right creates a presumption that he was the victim of ineffective assistance of counsel in his defense. We do not agree. Our decision in *Watson* recognizes that when a defendant in a capital case requests the appointment of additional counsel, section 3005 provides an absolute right to additional counsel within the limits provided by that section. The right recognized in *Watson* is an "absolute statutory right," and not one mandated by the Constitution. Furthermore, the language of the statute is language of limitation; it provides for assignment of counsel in a capital case "not exceeding two," upon the request of the defendant, and does not purport to authorize or command the assignment of two counsel in every case.

■ Nothing in section 3005 indicates that the *constitutional requirement* that a defendant be afforded effective assistance of counsel may not be satisfied in a capital case by the appointment of a single attorney;[3] that section merely provides authority for the court to assign additional counsel when necessary in a capital case. Our opinion in *Watson, supra,* recognizes that a defendant who requests additional counsel is presumed by the statute to need the second attorney in order to prepare an effective defense. In the capital case where a request has been made for additional counsel the statutory command of section 3005 supersedes the court's normal exercise of discretion in determining whether one appointed attorney will or can adequately and effectively represent the accused.

■ It is well established that the sixth amendment right to effective assistance of counsel is a fundamental constitutional right, one which may not be waived unless there is a competent and knowing waiver by the defendant. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). However, the right provided by section 3005 is purely a statutory right, not a fundamental constitutional right. Almost without exception, the requirement of a knowing and intelligent waiver has been applied "only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." *Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854 (1973). It is not the function of the court to advise a defendant of every statute which might have some favorable bearing upon his case. *Barkan v. United States,* 305 F.2d 774, 778 (7 Cir.), *cert. denied,* 371 U.S. 915, 83 S.Ct. 261, 9 L.Ed.2d 173 (1962). As we have indicated, since the right is only a statutory right and creates a presumption of ineffective assistance of counsel only when a request is made, we are of the opinion that the failure of the district court to advise Blankenship of the provisions of section 3005 is not in itself a denial of his sixth amendment right to effective assistance of counsel.

---

some judge thereof, shall immediately, upon his request, assign him such counsel, not exceeding two, as he may desire . . . .

**3.** We are not aware of any cases which hold that in the absence of a request by the defendant, it will be presumed that the appointment of additional counsel is necessary to provide effective assistance. Blankenship relies upon *Smith v. United States,* 122 U.S.App.D.C. 300, 353 F.2d 838, 845–46 (1965), *cert. denied,* 384 U.S. 974, 86 S.Ct. 1867, 16 L.Ed.2d 684 (1966), wherein it was stated that prejudice would be presumed from the trial court's failure to advise defendant in a capital case, of his right under section 3005. In that case, however, the defendant expressed dissatisfaction with his court-appointed counsel and requested appointment of new counsel. The trial court in *Smith* was aware of defendant's dissatisfaction and the Court of Appeals recognized that the trial court should have advised defendant of the provisions of section 3005—that he had a right to *additional counsel, not different counsel.* Blankenship did not mention to his attorney, or manifest in any way, dissatisfaction during trial which would indicate his desire for additional counsel. We recognize that in both capital and noncapital cases, the complexity of the case may require the services of additional counsel, but the decision to appoint additional counsel ordinarily lies within the sound discretion of the trial court and we find no abuse of that discretion in the present case.

## IV

In the case before us we find no merit in an argument that Blankenship's single counsel failed to render effective assistance. A defendant is deprived of effective assistance of counsel "only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." *Root v. Cunningham*, 344 F.2d 1, 3 (4 Cir. 1965); *accord, Miller v. Cox*, 457 F.2d 700 (4 Cir. 1972). Our examination of the record discloses nothing to indicate that the assistance of counsel provided Blankenship did not meet the degree of effectiveness required by the Constitution. At no time did Blankenship indicate any dissatisfaction with his counsel. Despite the strong evidence of guilt, Blankenship received a sentence of twenty years imprisonment, substantially less than the maximum which could be imposed.

The judgment of the district court is affirmed.

*Affirmed.*