John SLADE, Petitioner,

v.

John B. TAYLOR, et al., Respondents.

Civ. A. No. 88–0240 AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 28, 1988.

John Slade, State Farm, Va., pro se.

Robert Q. Harris, Asst. Atty. Gen. of Va., Richmond, Va., for respondents.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this habeas case, Virginia inmate John Slade asserts that his state conviction should be overturned because the trial court erroneously admitted into evidence a pre-arraignment statement and certain photographs and erred also in failing to give a requested jury instruction. Respondents filed a motion to dismiss, contending that Slade's allegations are without merit because they present allegations of state law violations not cognizable in a federal habeas corpus proceeding. Petitioner sub-

mitted a response to the motion, contending that the petition raised constitutional rather than state law issues. Since the petition presents dispositive questions of law, the Court finds an evidentiary hearing unnecessary. *Bradley v. Cowan*, 500 F.2d 380, 381 (6th Cir.1974) (evidentiary hearing not required where purely legal issue is presented). For the reasons stated below, the respondents' motion is granted and this action dismissed.

## I. BACKGROUND

On May 17, 1985, Slade was brought to trial in the Circuit Court of Fairfax County on two counts of malicious wounding and two counts of use of a firearm during the commission of a felony. Slade pled not guilty. The matter was tried to a jury with Slade testifying in his own defense. He was ultimately convicted and sentenced to serve a total of 28 years imprisonment. Slade appealed his convictions to the Virginia Court of Appeals which affirmed by unpublished opinion dated February 4, 1987. (*Slade v. Commonwealth*, Record No. 0786–85). His petition for further review to the Supreme Court of Virginia was refused on September 25, 1987. (Record No. 870205). This *habeas corpus* action followed.

Slade raises three challenges to the validity of his convictions:

(i) that the trial court erred in admitting into evidence a statement given by Slade to a police officer prior to arraignment before a magistrate;

(ii) that the trial court erred in admitting into evidence two photographs; and

(iii) that the trial court erred in not granting a jury instruction for assault and battery on the charge of maliciously wounding victim Godfrey.

Petitioner has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b) by demonstrating that these allegations were raised in his petition for appeal to the Virginia Court of Appeals and to the Virginia Supreme Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); 28 U.S.C. § 2254(b) and (c).

A summary of the facts giving rise to petitioner's arrest and ultimate convictions is provided here for context and clarity.

On December 4, 1984, Slade and a lady friend, Cindy McMaster, were on an errand when they met friends of McMaster. At the time, McMaster was apparently attempting to sever her relationship with Slade.[1] In this connection, she enlisted the aid of two friends, Godfrey and Summers. Godfrey and Summers followed Slade and McMaster back to Slade's house where a short altercation ensued. In response to Slade's calls for help, another female friend appeared at the door of Slade's home with a gun. Slade grabbed the gun and approached Godfrey and McMaster who had gotten into Godfrey's car. After ordering McMaster out of the car, Slade then fired several shots into the car hoping to force her to exit. Both Godfrey and McMaster were injured. Slade testified that at least one of the shots was fired intentionally at Godfrey in an unsuccessful effort to stop him from driving away with McMaster. Slade's pursuit of the car was also unsuccessful.

Slade was arrested at approximately 11:00 A.M. on December 5, 1984 and simultaneously transported to the Mount Vernon Substation in Fairfax County. At approximately 1:30 P.M., police investigator Joseph Hughes, Jr. of the Fairfax County Police advised Slade of his rights.[2] Slade then consented to give the officer a statement. During the course of the interview, Slade related the events culminating in the shooting incident. On two occasions in the interview, Slade stated that he intentionally fired his gun into the car, accidentally hitting McMaster, but that he "intended to

---

1. There was testimony at trial that Slade and McMaster had an illegal business arrangement, namely, that of pimp and prostitute. (Tr. 3/14/85 at 79–80)

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Slade signed a "warning and consent" form averring that he had been completely informed of his rights and agreed to answer questions without the presence of an attorney.

shoot [Godfrey] in his leg then." (Statement at p. 5). Slade further explained that after the incident, he purposely disposed of the gun by throwing it into the Potomac River because he "knew that the cops were gonna [sic] be there, and then [he] might get charged with this gun, so [he] better not have it, cause [he didn't] have it registered ..." (Id. at p. 4). Warrants for Slade's arrest were then sought by Hughes and issued by the magistrate between 2:00 and 2:15 P.M. Slade was served with the warrants and brought before the magistrate for arraignment.[3] Prior to the 1:30 P.M. interview with Hughes, there were no other attempts to obtain a statement from Slade.

## II. DISCUSSION

### A. Pre-arraignment Statement.

For his first claim for relief, petitioner argues that the arresting officer delayed taking petitioner before a magistrate as required under Virginia Code § 19.2–82 (1950, as amended) and as a result, the statement given before he was presented to a judicial officer should have been excluded at trial. This claim was presented to the Virginia courts and found to be without merit. The Court of Appeals found that there was no unreasonable delay under the circumstances and that petitioner's state statutory rights were therefore not violated. (Order of February 4, 1987 at page 2).

Respondents argue that this claim raises no more than an allegation of a violation of state law which is not cognizable under Section 2254. Respondents contend that only alleged violations of rights secured by the federal constitution, laws or treaties of the United States are subject to review by a federal court. (citing *Rose v. Hodges*, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975)). Finally, respondents contend that the Virginia courts' determination that peti-

tioner's claims are without merit under state law is binding upon this Court.

In his rebuttal, Slade asserts that not only were his state statutory rights violated, but also that his constitutional rights under *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) were violated. This claim is palpably without merit. First, the rule excluding confessions obtained during a period of "unnecessary delay" in taking the suspect before a magistrate for arraignment, known as the *McNabb–Mallory* rule, has never been extended to apply to the states.[4] The *McNabb–Mallory* rule was formulated not as a constitutional doctrine, but as an exercise by the Supreme Court of its discretionary right to supervise the federal courts. It was repealed from federal practice by the Omnibus Crime Control and Safe Streets Act of 1968, Title II, 18 U.S.C. § 3501(a). This rule therefore does not support petitioner's contention of the violation of a constitutional right.

Viewed in this context, this claim presents, in essence, a challenge to the trial court's determination concerning the admissibility of the statement into evidence. Federal relief is not available to correct alleged errors of state law in the admissibility of evidence absent extraordinary circumstances. *See Chance v. Garrison*, 537 F.2d 1212 (4th Cir.1976); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960). No such circumstances are alleged or exist. Petitioner admitted at trial that he committed the acts for which he was convicted. (Tr. 3/14/85 at 41–65). Several times during his testimony, Slade admitted he "shot all three of them [the bullets] in the car," in which Godfrey and McMaster were sitting. (*Id.* at 61). Additionally, several eye witnesses also testified that Slade fired several shots into the car hitting McMaster and Godfrey. Thus, the admission of the statement, although in-

---

**3.** The record indicates a magistrate is on duty at the Mount Vernon substation 24 hours a day, every day of the year.

**4.** The *McNabb–Mallory* rule prevents federal use of confessions obtained during lengthy custody and prior to arraignment before a United States

Magistrate and was enunciated in *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

criminating, was not the sole evidence of guilt and its exclusion would have had no effect on the outcome of the trial.

Federal intervention by way of habeas corpus is not appropriate when where, as here, the alleged error does not involve a deprivation of a constitutional right. *Grundler*, 283 F.2d at 802. "The role of a federal habeas corpus petition is not to serve as an additional appeal." *Id.* Moreover, this Court is bound by the Virginia court's determination that no state law was violated. *See Groppi v. Wisconsin*, 400 U.S. 505, 507, 91 S.Ct. 490, 491–92, 27 L.Ed. 2d 571 (1971); *Garner v. Louisiana*, 368 U.S. 157, 166, 82 S.Ct. 248, 253, 7 L.Ed.2d 207 (1961).

### B. Admission of Photographs.

■ Slade's second allegation, that the trial court erred in admitting two photographs into evidence, is similarly without merit. Petitioner contends that the two photographs should have been excluded because they were irrelevant, immaterial and highly prejudicial. One photograph depicted an automobile with blood stains on parts of the interior and the second depicted McMaster wearing a "Hoffman" device, a "particularly gruesome healing device." [5] Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," the admissibility of evidence does not present a federal question. *Grundler v. North Carolina*, 283 F.2d at 802. The appraisal of probative and prejudicial value of evidence is entrusted to the sound discretion of the trial judge and, absent extraordinary circumstances, will not be disturbed. *See United States v.*

*MacDonald*, 688 F.2d 224 (4th Cir.1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983). The defendants assert that the photographs were introduced to show the "nature of the wounds and the repercussions caused by [Slade's] act." (Brief in Opposition to Petition for Writ of Error at 3). The photographs allegedly support the Commonwealth's theory that Slade's acts were malicious and committed with the intent to maim, disable, disfigure or kill. (*Id.*) Although he asserts that these photographs served no purpose other than to prejudice the jury, petitioner has presented no persuasive argument that the admission of these pictures denied him fundamental fairness, and hence, there is no adequate basis for overturning petitioner's convictions. *See Chance v. Garrison, supra; Grundler v. North Carolina, supra.*[6] Prudence dictates that absent a compelling constitutional violation, federal courts must not second guess the determination of the trial judge who is best able to weigh the probative and prejudicial effect of proffered evidence.

### C. Jury Instruction.

■ For his third allegation, petitioner asserts that the trial court erred in failing to grant his jury instruction for assault and battery in reference to Kenneth Godfrey.[7] The error, petitioner claims, stems from the trial court's conclusion that Godfrey's wounding was accidental, not intentional. In fact, petitioner contends, he testified that he *intended* to wound Godfrey. Thus, the proffered assault and battery instruction, a lesser included offense of malicious

**5.** Petitioner's rebuttal at § (b). A "Hoffman device" is an external metal vice-like apparatus attached to pins inserted into the leg to support shattered bones during the healing process.

**6.** Although this Court might have reached a different result concerning the admissibility of these photographs had it tried the case, the standard of review for a federal court concerning the admissibility of evidence in a state criminal proceeding is highly deferential to the determination made by the state court. The standard does not permit this court to interpose its opinion in the absence of the denial of "fundamental fairness." In all likelihood, however,

the photographs may have been admissible despite their arguably severe prejudicial effect. *See United States v. DeParias*, 805 F.2d 1447 (11th Cir.1986) (photographs depicting badly decomposed body of murder victim admissible despite prejudicial effect).

**7.** Normally, instructions to the jury in state trials are questions of state law and procedure and do not involve federal constitutional issues. *Grundler*, 283 F.2d at 802. Federal courts may, however, inquire whether a petitioner was denied fundamental fairness due to the exclusion of a requested instruction. *Id.*

wounding, may have been appropriate. "It is well established that a defendant is entitled to an instruction on a lesser included offense 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.'" *United States v. Blankenship*, 548 F.2d 1118, 1120 (4th Cir.1976) (quoting *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973)); *see also Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 2052-53, 72 L.Ed.2d 367 (1982) (due process requires that a lesser included offense instruction should only be given when the evidence warrants such an instruction). There must be some evidence to support the giving of a jury instruction under state law. *See Schneider v. Commonwealth*, 230 Va. 379, 337 S.E.2d 735 (1985).

Slade testified that his shooting of Godfrey was intentional with the purpose of slowing or stopping Godfrey from driving off with Cindy McMaster. (Tr. 3/14/85, at 60-63). Accordingly, the court gave an instruction for malicious wounding or, in the alternative, for unlawful wounding, both of which reflect the intentional nature of the shooting. In pertinent part, the instruction required "[t]he Commonwealth [to] prove beyond a reasonable doubt each of the following elements of that crime:

(1) that the defendant wounded Kenneth Godfrey; and

(2) that such wounding was with intent to maim, disfigure, disable or kill Kenneth Godfrey; and

(3) that the act was done maliciously ...

if you find from the evidence that the Commonwealth has proven beyond a reasonable doubt each of the first two elements for the offense as charged, but that the act was done unlawfully, and not maliciously, then you shall find the defendant guilty of unlawful wounding ..." (State criminal file at 40, Tr. 3/14/85 at 111–12).

■ The instructions for malicious wounding and the lesser included offense of unlawful wounding are manifestly supported by the evidence. Even assuming, arguendo, that the facts supported the instruction for assault and battery, there is no reason whatever to conclude that the jury rationally could have found petitioner guilty of the lesser offense of assault and battery. On the contrary, the jury's verdict compels the opposite conclusion. The jury found petitioner guilty of the greater of the two offenses for which it received instructions. Implicitly, therefore, the jury rejected the lesser offense of unlawful wounding. *A fortiori*, the jury would also have rejected an assault and battery instruction had one been given, for assault and battery is a lesser included offense within unlawful wounding. From all this, the Court must infer that the failure to give the assault and battery charge, a lesser charge than the two offenses presented to the jury, was harmless error. *See Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[8] Whatever the merits of the trial court's decision denying the instruction, the ultimate result is substantively correct; the jury's verdict compels the conclusion that it could not rationally have returned a verdict of guilty of assault and battery. Moreover, the Virginia Court of Appeals specifically found that the trial

---

**8.** The court in *Blankenship*, reached precisely this result on essentially similar facts. There, a defendant indicted for rape, claimed error on appeal based on the trial court's failure to give an instruction for assault with intent to commit rape. 548 F.2d 1118. The record supported the rape charge as there was evidence of intercourse and penetration, facts that distinguish rape from assault with intent to commit rape. These facts, the court held, were sufficient to warrant denial of the assault instruction. The court found that if the "'fact or facts which, coupled with the lesser included offense, do constitute a greater offense charged in the indictment, then the defendant has no right to a lesser included offense charge.'" *Id.* at 1120 (quoting *United States v. Whitaker*, 447 F.2d 314, 317 n. 8 (1971)). Here, as in *Blankenship*, there are facts which, when coupled with the lesser included offense of assault and battery, constitute the greater offense charged. The lesser offense instruction was therefore not required.

court's action was proper.[9]  This Court agrees with that result.

### III.  CONCLUSION

For the reasons stated above, the Court finds John Slade's petition without merit. Slade's claims are essentially state law questions that raise no question of federal law and fall far short of presenting any federal constitutional violations.  In these circumstances, federal courts should take special care to grant state court determinations the deference they deserve.  Only where a litigant is deprived of fundamental fairness or where his claims raise questions of federal or constitutional law, should a federal habeas court take the extraordinary step of imposing its views.  Accordingly, the respondents' motion to dismiss is granted and this case dismissed with prejudice.

An appropriate order shall issue.

---

**9.**  The Court of Appeals did not entertain argument on this issue on the ground that it was unmeritorious.  The order granting Slade an appeal stated simply that "[The evidence did not warrant such an instruction for assault and battery], and no error was committed by its refusal."  (Order of February 20, 1986 at page 2).