867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin V. FULLER, Defendant-Appellant.
 No. 88-5579.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 28, 1988.
Decided: Jan. 17, 1989.
 
 John Adrian Gibney, Jr., for appellant.
 Roger W. Frydrychowski (Office of the United States Attorney); Kelly D. Wheaton (United States Army), for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin V. Fuller appeals his conviction of one count of assault with a dangerous weapon under 18 U.S.C. Sec. 113(c). We affirm.
 
 
 2
 Fuller, a private in the Virginia National Guard, was involved in an argument with another private at Fort Pickett, a federal military base in Virginia. Sergeant Neil Ratigan came out of his barracks to calm the men down. Ratigan believed that the argument had ended, and he turned away from the men to go back to his barracks. Fuller then struck Ratigan with a four-foot-long board with a bolt protruding from one end that he was holding. According to the eyewitnesses, Fuller swung the board like a baseball bat. The force of the blow broke four bones around Ratigan's left eye.
 
 
 3
 Fuller was charged with, and convicted of, assault with a dangerous weapon as a result of his attack on Ratigan. His first contention on appeal is that the district court erred in not instructing the jury on the lesser included offense of simple assault. The difference between the two offenses is that in order to be convicted of assault with a dangerous weapon, the weapon must be dangerous and the defendant must have the intent to do bodily harm; neither of these elements is necessary for a conviction of simple assault.
 
 
 4
 A defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury to convict him of the lesser offense and acquit him of the greater offense. Keeble v. United States, 412 U.S. 205, 208 (1973). It is not error to deny an instruction on a lesser included offense, however, when the elements differentiating the two offenses are not sufficiently in dispute. United States v. Blankenship, 548 F.2d 1118, 1120 (4th Cir.1976).
 
 
 5
 Fuller contends that the weapon he used was not a dangerous weapon. However, any object used in a manner which could cause bodily injury may be a dangerous weapon. United States v. Johnson, 324 F.2d 264, 266 (4th Cir.1963). The board used by Fuller, swung with sufficient force to break four bones in Ratigan's face, was certainly dangerous. No reasonable jury could find that the board was not, under the circumstances, a dangerous weapon.
 
 
 6
 Fuller also contends that he did not have the requisite intent to cause bodily injury. His support for this contention comes from his speculation, unsupported by testimony or other evidence, that Fuller may have swung the board in a backhand manner. Fuller contends that his use of a backhand swing would negate the evidence that he intended to do bodily harm to Ratigan. The direction of the swing, however, is irrelevant to a showing of intent. The swing, whether backhand or forehand, carried with it enough power to break four bones. Further, all of the evidence, including a statement by Fuller and the testimony of Fuller's two defense witnesses, indicates that Fuller fully intended to strike Ratigan because Fuller was angry that Ratigan had stepped in to break up his argument with the other private. There was also evidence that Fuller verbally attacked Ratigan both before and after he swung, and that he attempted to, or did, continue to physically attack Ratigan after the swing.
 
 
 7
 Fuller's intent is to be determined not by his "secret motives," but rather by what observers of his conduct perceive as his intent. United States v. Guilbert, 692 F.2d 1340, 1344 (11th Cir.1982), cert. denied, 460 U.S. 1016 (1983). Fuller's conduct clearly leads to the conclusion that he intended to do bodily harm to Ratigan. Fuller's contention that the court should have granted him an instruction on the lesser included offense of simple assault is therefore meritless.
 
 
 8
 Fuller also contends that the district court erred in denying his motion for a mistrial based on the prosecutor's comments during rebuttal. In his closing argument, Fuller's attorney questioned the prosecutor's failure to call additional witnesses to prove a separate assault charge, of which Fuller was acquitted. The prosecutor, on rebuttal, stated that "defense counsel and the defense has as much right as the government to bring in witnesses," and "[i]f witnesses existed that would say something different than what was said here from a number of witnesses, more than enough, then they are--". The court instructed the jury that while both sides have the right to call witnesses, the burden of proof "at all times is on the government to prove the case beyond a reasonable doubt."
 
 
 9
 Prosecutorial comments manifestly intended to be, or which naturally and necessarily would be construed by the jury as being a comment on the failure of the accused to present evidence in his defense, are improper. United States v. Wooten, 688 F.2d 941, 947 (4th Cir.1982). As the comments here were clearly in response to defense counsel's comments on the prosecution's failure to produce witnesses that were equally accessible to the defense, they were not improper. Cf. United States v. Robinson, 56 U.S.L.W. 4174, 4176 (U.S. Feb. 24, 1988) (No. 86-937). Furthermore, in light of the court's curative instruction and the fact that Fuller was acquitted of the charge to which the comments were addressed, it is clear that these comments were harmless. See United States v. Hastings, 461 U.S. 499 (1983).
 
 
 10
 Accordingly, the opinion of the district court is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED.