Affirmed in part, vacated in part, and remanded by unpublished opinion. Judge KEENAN wrote the opinion, in which Judge MOTZ and Judge DAVIS joined. Judge DAVIS wrote a separate concurring opinion.
Unpublished opinions are not binding precedent in this circuit.
KEENAN, Circuit Judge:
Tony Allen Gregg was convicted by a jury of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack cocaine), in -violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Gregg under § 841(b)(1)(A) to the mandatory term of life imprisonment required by the statute for a third conviction of a felony drug offense. Fifteen days after sentencing Gregg, the district court reduced Gregg’s sentence to 300 months’ imprisonment, based on a mistake in the government’s information listing Gregg’s prior convictions.
Gregg appeals his conviction, alleging that the district court erred in its response to a question submitted by the jury during its deliberations, and that the evidence was insufficient to support his conviction. On cross-appeal, the government asserts that the district court violated Federal Rule of Criminal Procedure 35 when the court modified Gregg’s sentence. We affirm Gregg’s conviction, but vacate his sentence and remand the case to the district court with instructions that the district court reinstate the statutory mandatory sentence of life imprisonment.
I.
The evidence at trial showed that on March 24, 2009, Detective Greg Russell of the Richmond Police Department detained Gregg outside the Deluxe Motel in relation to an investigation of an armed robbery. Gregg informed Detective Russell that Gregg “work[ed] for [Detective Erol] Fernandez,” a member of the Department’s Narcotics Division.[1] Suspecting drug ac *212 tivity, Detective Russell asked Gregg if he was carrying “anything ... that shouldn’t be there.” Gregg admitted that he possessed drugs, and handed to Detective Russell a plastic bag containing about 8.57 grams of crack cocaine.
The government also presented evidence that on May 12, 2009, the Federal Bureau of Investigation (FBI) and the Richmond Police Department were cooperating in an investigation of gang activity at the Deluxe Motel. During this investigation, an FBI informant approached Gregg, who was present at the motel, in order to make a “controlled drug buy.” At the time, Gregg had $900 in cash on his person but was not carrying any drugs. Therefore, the intended transaction did not take place. A government witness testified that Gregg had borrowed the sum of $900 in order to purchase crack cocaine.
The next day, Gregg was arrested on federal drug charges. After waiving his Miranda rights, Gregg made a statement to FBI Special Agents. According to a report by Special Agent Scott Umphlett, Gregg admitted that he began selling crack cocaine in March 2009, and that he had planned to sell the drug at the Deluxe Motel on March 24, 2009. Gregg also stated that he sometimes sold several “eight balls” in a day.[2] Based on this representation, Special Agent Umphlett calculated “conservatively” that between March 24, 2009 and May 12, 2009, Gregg sold about 171.5 grams of crack cocaine.
The government also presented testimony from four witnesses who either had purchased crack cocaine from Gregg, or had knowledge of drug transactions involving Gregg. One of these witnesses, April Brooks, estimated that Gregg sold $1,500 or more of crack cocaine in an average day, and that Gregg purchased a new supply of drugs, or “re-upped,” every two or three days. Brooks recalled that she had observed Gregg with as much as 14 to 27 grams of crack cocaine at one time. Another witness, Amy Lester, testified that she lived with a man who had supplied Gregg with drugs on between five and ten occasions during the period from March 2009 until May 12, 2009.
Phylicia Lewis, another witness presented by the government, testified that on three occasions, Gregg purchased crack cocaine for her to sell. Lewis also stated that “on a good day,” Gregg could sell between one ounce and one and one-half ounces of crack cocaine, and she estimated that Gregg had four such “good days” each week. According to Lewis, on a “slow day,” Gregg generally sold an amount of crack cocaine totaling between one quarter of an ounce and one-half of an ounce. Lewis further stated that Gregg sold drugs every day of the week.
FBI Special Agent Robert Scanlon testified that one ounce of crack cocaine weighs 28.3 grams. He calculated that a dealer who sells one ounce of crack each day would sell more than 50 grams in a two-day period. Special Agent Scanlon also testified that the quantity of crack cocaine that Gregg possessed on March 24, 2009, was more consistent with distribution than with personal use of the drug.
In his defense, Gregg presented testimony from his former probation officer, Mindy Grizzard-Applewhite. She stated that Gregg told her in March or April of 2009 that he “was hooked on drugs again,” and that he needed her help. Grizzard-Applewhite stated that although she was no longer supervising Gregg at that time, she tried to assist him in obtaining treatment but was unsuccessful.
*213 II.
At the close of the evidence, the district court instructed the jury that the government was required to prove beyond a reasonable doubt that Gregg “knowingly and voluntarily became a part of [a] conspiracy.” During its deliberations, the jury inquired whether this language meant that the government also had to prove that Gregg “acted out the conspiracy in question.” In answering this question, the district court reminded the jurors that it expressly had charged that “[t]he government [was] not required to prove that the parties or the members of the conspiracy were successful in achieving any or all of the objects of the agreement.” The district court then stated,
In this case, of course, the allegation is that the defendant was involved in a conspiracy to distribute and to possess with intent to distribute cocaine base. And the evidence, if you accept it, is that he actually sold cocaine base or possessed it with the intent to distribute. So it is not required that the conspiracy be successful or that the object of the conspiracy be borne out. But, of course, in this case you have to deal with the evidence that you have before you. Again, you can reject the evidence. But the evidence is there and you either credit it or you don’t.
In response to these comments by the court, defense counsel stated, “I think the [jury’s] question goes to did [Gregg] accomplish the 50 grams or more as alleged in the indictment.” Defense counsel asked the court to instruct the jury that the government must prove that Gregg “conspired with others to do more than 50 grams as alleged in the indictment.” The district court refused the requested instruction.
On appeal, Gregg raises two challenges to the district court’s response to the jury’s question. Gregg contends that the district court erred by refusing to give a lesser-included offense instruction, and that the district court created prejudice in its response by effectively lending credence to the government’s evidence. We address these arguments in turn.
A.
At the outset, we observe that Gregg did not request a lesser-included offense instruction in the district court, either before the jury began deliberations or when the district court responded to the jury’s question. Rule 30(d) of the Federal Rules of Criminal Procedure provides that a party must assign error to an omission from the jury charge “before the jury retires to deliberate,” by stating distinctly the grounds for the objection. When a claimed omission is not preserved in this manner, such omission is reviewed for plain error. See Fed.R.Crim.P. 52(b). To establish plain error, a defendant must demonstrate that the asserted defect in the trial in fact constituted error, that the error was plain, and that the error affected the defendant’s substantial rights. United States v. Jackson, 124 F.3d 607, 614 (4th Cir.1997) (citing United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
In certain circumstances, the failure to give a lesser-included offense instruction may result in trial error when a jury suspects that a defendant is guilty of some offense, but when one of the elements of the crime charged is in doubt. In such a circumstance, absent a lesser-included offense instruction, the jury may fail to give full effect to the government’s proof burden and resolve any doubts in favor of conviction. See Schmuck v. United States, 489 U.S. 705, 717 n. 9, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). However, a *214 criminal defendant is not entitled to a lesser-included offense in every case. Such an instruction is warranted only when the proof on the element in dispute, which differentiates the greater and lesser offenses, is sufficient to allow a jury to find the defendant innocent of the greater offense and guilty of the lesser offense. See United States v. Blankenship, 548 F.2d 1118, 1120 (4th Cir.1976), cert. denied, 425 U.S. 978, 96 S.Ct. 2182, 48 L.Ed.2d 803 (1976).
In the present case, Gregg maintains that that the district court should have instructed the jury regarding a “lesser quantity” of cocaine. He contends that the evidence at trial demonstrated that he personally used crack cocaine, that he was not carrying large amounts of cash on March 24, 2009, or on May 12, 2009, and that he thought he was working as a government informant. According to Gregg, these facts call into question the government’s proof that he conspired to distribute and possessed with intent to distribute 50 grams or more of crack cocaine.
We disagree with Gregg’s characterization of the evidence. The evidence amply demonstrated that the quantities of crack cocaine that Gregg bought and sold far exceeded 50 grams. As described above, Special Agent Umphlett estimated that Gregg sold 171.5 grams of crack cocaine in the period between March 24, 2009 and May 12, 2009. Further, to the extent that Gregg suggests the district court should have instructed the jury regarding the offense of simple possession of crack cocaine, rather than conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine, that argument also is foreclosed by the overwhelming evidence in this case, which included Gregg’s confession that he sometimes sold several “eight balls” in a single day. A conclusion that Gregg merely possessed the drugs at issue for personal use cannot fairly be inferred from this record. Thus, because the evidence could not reasonably be construed to allow the jury to find Gregg innocent of the offense charged but guilty of a lesser-included offense, we hold that the district court did not err by failing to give a lesser-included offense instruction. See Blankenship, 548 F.2d at 1120.
B.
Gregg next argues that he was prejudiced by the district court’s summary of the evidence in the above-quoted response to the jury’s question. We apply a plain error standard of review to this claim, because Gregg did not raise this objection before the district court. See Fed. R.Crim.P. 52(b).
A district court generally may reference the evidence presented at trial to assist the jury in understanding the facts, but the court must exercise care not to usurp the jury’s function as the ultimate trier of fact. See United States v. Tello, 707 F.2d 85, 88-90 (4th Cir.1983). In this case, the district court stayed well within its proper role of supervising the fact-finding process. The district court’s recitation of the evidence in this case did not contain any expressed opinion regarding the evidence or the witnesses’ credibility. Additionally, the district court emphasized contemporaneously with its comments on the evidence that the jury could accept or reject the evidence described. See id. The court also instructed the jury prior to trial that “[njothing the Court may say or do during the course of the trial is intended to indicate nor should it be taken by you as indicating what your verdict should be.” Thus, we hold that the district court did not commit plain error in its remarks on the government’s evidence.
*215 III.
Gregg also argues that the evidence was insufficient to support his conviction. To prove the charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, the government was required to establish beyond a reasonable doubt that there was an agreement between two or more persons to distribute and possess with intent to distribute that amount of crack cocaine, that the defendant knew of the conspiracy, and that the defendant knowingly and voluntarily became a part of the conspiracy. United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir.2008).
We examine Gregg’s challenge to the sufficiency of the evidence under a well-established standard of review. We determine whether, viewing the evidence in the light most favorable to the government, there is substantial evidence to support the conviction. United States v. Kelly, 510 F.3d 433, 440 (4th Cir.2007). We do not review the credibility of the witnesses, but assume that the jury resolved any inconsistencies in the evidence in the government’s favor. Id. After considering all the evidence presented at trial, both direct and circumstantial, and upon according the government all reasonable inferences from the facts shown, we will uphold a verdict if a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Harvey, 532 F.3d 326, 333 (4th Cir.2008); United States v. Collins, 412 F.3d 515, 519 (4th Cir.2005).
Gregg asserts that the evidence shows only that he engaged in “buy-sell” transactions and does not support a conspiracy conviction. He also contends that the evidence established that he actually thought that he was working as an informant during the months in question. Upon our review of the record, we disagree with Gregg’s arguments.
The government presented substantial evidence to permit a jury to convict Gregg of the crime charged. This Court previously has stated that evidence of a “buy-sell” transaction, combined with evidence of a substantial quantity of drugs, can support a reasonable inference of the existence of a conspiracy. See Yearwood, 518 F.3d at 226. Here, the testimony from law enforcement officers, the testimony from Gregg’s acquaintances, Gregg’s confession to FBI Special Agents, the undisputedly large quantity of crack cocaine involved, and the nature of Gregg’s drug transactions during the period in question, were sufficient to permit a reasonable jury to find beyond a reasonable doubt that Gregg conspired to distribute and possessed with intent to distribute 50 grams or more of crack cocaine. Therefore, we hold that the evidence was sufficient to support Gregg’s conviction.
IV.
In its cross-appeal, the government argues that the district court violated Federal Rule of Criminal Procedure 35 when it reduced Gregg’s sentence. The government contends in the alternative that the imposition of Gregg’s initial sentence was not clear error, and that the district exceeded the fourteen-day limit of Rule 35(a) when it reduced Gregg’s sentence beyond that authorized time period.
Rule 35(a) permits a district court, within fourteen days of sentencing, to “correct” a sentence that is based on an “arithmetical, technical, or other clear error.” We consider this provision in the context of the various procedural actions that occurred in this case.
Before trial, pursuant to 21 U.S.C. § 851, the government had filed informations notifying Gregg of two prior convictions of felony drug offenses that would *216 subject him to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) in the event of a third conviction. Gregg did not challenge the sufficiency of the government’s documents or the validity of the underlying convictions. After the jury verdict in this case, the district court sentenced Gregg to life imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A).
The following day, the district court informed counsel that one of the informations filed by the government contained two mistakes. The relevant information stated: “On July 26, 1996, the defendant, TONY ALLEN GREGG, was found guilty of possession with the intent to distribute cocaine, a felony, in the Circuit Court fo[r] the City of Richmond, Virginia (Case # 96-691-F).” The district court explained that the original conviction order was entered on July 9, 1996, but was amended on July 26, 1996, and that the state circuit court corrected the conviction order a second time, in October 2000, to reflect that Gregg was convicted of simple possession of cocaine, not possession with the intent to distribute.[3] Thus, the information filed by the government under § 851 had stated incorrectly both the original conviction date and the offense of conviction. Based on these defects, the district court concluded that the government’s information filed under § 851 was of questionable validity. Accordingly, fifteen days after sentencing Gregg to a term of life imprisonment, the district court reduced Gregg’s sentence to a term of 300 months’ imprisonment.
We agree with the government that the defects in the government’s information did not create any “clear error” in Gregg’s sentence permitting a correction under Rule 35(a). The scope of circumstances constituting “clear error” that may be corrected under Rule 35(a) is narrow, and generally requires that some reversible error occurred in the original sentencing by the district court. United States v. Fields, 552 F.3d 401, 404 (4th Cir.2009); see Fed.R.Crim.P. 35(a) advisory committee’s note (“The authority to correct a sentence under [Rule 35(a) ] is intended to be very narrow and to extend only to ... errors which would almost certainly result in a remand of the case....”) (1991 Amendments). When a district court “unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence.” United States v. Fraley, 988 F.2d 4, 7 (4th Cir.1993).
The statutory purpose of an information filed under § 851 is to enable a defendant to identify, and to have the ability to challenge, the government’s intended use of any prior conviction to support a sentencing enhancement. See United States v. Steen, 55 F.3d 1022, 1027 (5th Cir.1995). Therefore, when the government timely provides in an information constitutionally-adequate notice of a defendant’s prior convictions, a district court may enhance a defendant’s sentence in accordance with the contents of the information. Id.
The information at issue in this case satisfied the protection afforded by § 851. The information, which was filed in the district court before trial, identified the proper court of conviction, the correct case number, and the July 26, 1996 date on which the state circuit court entered the first corrected conviction order. Moreover, there is no evidence in the record before us that Gregg had any difficulty *217 identifying the conviction contained in the information. Gregg has not asserted that he was unable to ascertain what conviction was referenced in the information, nor has he challenged the validity of the conviction itself.
In view of this record, and of Gregg’s failure to show that he was unable to determine the nature of the conviction referenced in the government’s information, we conclude that the mistakes in the information do not affect its content showing that Gregg was convicted of a felony drug offense as a result of the 1996 proceedings in the state circuit court. Thus, we hold that Gregg’s original sentence was not affected by the mistakes in the government’s information, and that there was no “clear error” justifying a “corrected” sentence in this case.
Accordingly, we affirm Gregg’s conviction, but vacate his sentence. We remand the case to the district court with instructions that the district court reinstate the mandatory sentence of life imprisonment provided under 21 U.S.C. § 841(b)(1)(A).[4]

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

. Gregg was listed as an “informant” with the Richmond Police Department but had never performed any work for the Department. Gregg did complete six “controlled drug buys” for the Federal Bureau of Investigation, which "deactivated” Gregg after the March 24, 2009 incident. The Richmond Police Department “deactivated” Gregg in May 2009.

. An "eight ball” is 3.5 grams or one-eighth an ounce of cocaine.

. The conviction of possession of cocaine also is a "felony drug offense” for purposes of triggering enhanced penalties under § 841(b).

. Because we hold that the district court lacked any basis under Rule 35(a) to correct Gregg's sentence, we need not address the government’s alternative argument that the district court exceeded the time limitations of Rule 35(a) in changing Gregg's term of im- ’ prisonment.