**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6997

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY ALLEN GREGG,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:09-cr-00180-HEH-1)

Submitted: April 12, 2022                                    Decided: May 3, 2022

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Allen Gregg appeals the district court's order granting in part his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We affirm the district court's order.

We review a district court's decision whether to grant a reduction under the First Step Act for abuse of discretion. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020); *see* First Step Act, § 404(a), 132 Stat. at 5222. Even if the defendant is eligible for First Step Act relief, the district court has discretion to determine whether to reduce the defendant's sentence. *Gravatt*, 953 F.3d at 261; *see* First Step Act, § 404(c), 132 Stat. at 5222.

In *United States v. Chambers*, we held that "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted). Furthermore, "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We also held that "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may

2

consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674. Additionally, "the First Step Act does not constrain courts from recognizing Guidelines errors," *id.* at 668, or "preclude the court from applying intervening case law," *id.* at 672, in making its discretionary determination.

While Gregg argues that the district court did not adequately consider the Guidelines range, we conclude that the district court followed the directions set forth in *Chambers*. The court's order listed Gregg's previous Guidelines range and the amended Guidelines range. The court recognized that the new sentence it imposed exceeded the amended Guidelines range. The court then stated that it was persuaded that the 18 U.S.C. § 3553(a) factors supported the sentence it imposed.

Gregg next argues that the district court did not adequately explain the sentence it imposed. We have clarified that, in a First Step Act case, "when a [district] court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021). This requires a district court to "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360. We emphasized "that the court's explanation must be sufficient to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 360 n.6 (internal quotation marks omitted); *see also United States v. Webb*, 5 F.4th 495, 499 (4th Cir. 2021).

3

Here, the district court specifically addressed Gregg's postsentencing rehabilitation arguments. While its explanation was brief, the court stated it was impressed by Gregg's efforts but was persuaded by the previous district judge's analysis of the § 3553(a) factors and the 300-month sentence Gregg would have received but for the statutorily mandated life sentence applicable at the time of the original sentencing. Although Gregg appears to suggest that the court's analysis was similar to that used in other cases, the fact that the district court chose the same 300-month term that the previous district judge had imposed before the direct appeal shows that the court considered the unique facts of Gregg's case. *See United States v. Gregg*, 435 F. App'x 209, 215-17 (4th Cir. 2011) (No. 10-4198(L)) (vacating 300-month sentence and remanding with instructions to impose statutory mandatory life sentence); *see also id.* at 222 (Davis, J., concurring). Thus, we conclude that the district court did not abuse its discretion in failing to provide additional explanation.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*